UNITED STATES of America,
Plaintiff-Appellee,

v.

Raymond BLAKNEY,
Defendant-Appellant.

No. 77–1186.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted March 14, 1978.

Decided Aug. 15, 1978.

Leonard D. Munker, Federal Public Defender, Wichita, Kan., for defendant-appellant.

Roger M. Theis, Asst. U. S. Atty., Topeka, Kan. (James P. Buchele, U. S. Atty., Topeka, Kan., and Edward H. Funston, Sp. Asst. U. S. Atty., Kansas City, Kan., on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal by Raymond Blakney from a conviction by jury on a charge of transporting in interstate commerce a falsely made or counterfeited check, in violation of 18 U.S.C. §§ 2314 and 2. He was sentenced to eight years imprisonment, to run consecutive to a state sentence being served at the time of trial.

Two related issues are urged in the appeal: whether it was a violation of defendant Blakney's Fifth Amendment privilege against self-incrimination for the trial court to order him to provide handwriting exemplars as to checks the government intended to use at trial but with respect to which he was not charged, and whether allowing questions which brought out defendant's refusal to give such exemplars was an impermissible comment upon the exercise of his Fifth Amendment rights.

Blakney's argument in essence is that even though evidence of a prior offense may be introduced to show proof of motive, opportunity, intent, plan or scheme, the accused should not be required to provide exemplars (handwriting, in this case) which would support the fact that he committed other offenses, uncharged by way of information or indictment.

■ The Supreme Court has expressly held that requiring an accused to give handwriting exemplars does not violate his Fifth Amendment privilege against self-incrimination. *Gilbert v. California,* 388 U.S. 263, 266–267, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967) ("A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection.") It seems accepted that the accused can be required even to duplicate the language of the writings used in the offense. This was addressed directly by *United States v. Doe,* 405 F.2d 436, 438 (2d Cir. 1968):

Devlin's claim that execution of the form designated as Exhibit B would violate his privilege against self-incrimination is also unfounded. His argument is that although *Gilbert v. California, supra,* 388 U.S. at 265–267, 87 S.Ct. 1951, held generally that compulsion of handwriting exemplars was not within the privilege, reproduction of the very instruments used in the commission of the crime stands differently. But that contention was answered in *United States v. Wade,* 388 U.S. 218, 222–223, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149 (1967) where the Court said, in language equally applicable to handwriting:

"Similarly, compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt". (Footnote omitted.)

See also, *United States v. Doe,* 457 F.2d 895 (2d Cir. 1972), *cert. denied,* 410 U.S. 941, 93 S.Ct. 1376, 35 L.Ed.2d 608 (1973); *United States v. Nix,* 465 F.2d 90 (5th Cir.), *cert. denied,* 409 U.S. 1013, 93 S.Ct. 455, 34 L.Ed.2d 307 (1972).

■ We see no legal infirmity in the fact exemplars were ordered here with respect to uncharged crimes. The Supreme Court has ruled that an individual can be compelled to give handwriting exemplars to a grand jury considering charging him as a defendant, even though the exemplars may be the sole evidence which would link the individual with the crime under investigation. *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1972). *See also, Palmer v. United States,* 530 F.2d 787 (8th Cir. 1976). *A fortiori,* in a court proceeding where an individual is actually charged with respect to one forged or false check he could be required to give exemplars which might tend to incriminate him on others. Since the prosecutor could take the other checks to a grand jury, or using other evidence procure an indictment with respect to the checks, and then secure exemplars, it would seem generally to benefit the defendant not to require additional counts to be filed against him as a prerequisite to compelling the exemplars.

■ Since defendant had no right to withhold the exemplars, if the exemplars would provide probative and relevant evidence in the case there would seem no merit in the claim of prejudice when questions were asked which brought out the refusal to provide them. Use of the contempt power to jail an accused for refusal to provide handwriting exemplars has been affirmed. *United States v. Mara, supra; Palmer v.*

*United States, supra.* At least one case upheld the prosecutor's right to comment in closing argument on the failure to comply with an order to provide handwriting exemplars. *United States v. Nix supra.* Cf. *Leake v. Cox,* 432 F.2d 982 (4th Cir. 1970).

In the instant case defendant was charged with issuing a $250 check on a form stolen from The Headhunters Record Shop, signed "Ray Barnes." The check was attempted to be passed by deposit to the bank account of the payee (an innocent actual person), but asking the teller for $200 cash and purporting to add only $50 to the account. The questions asked which showed defendant's refusal to give the exemplars came up at trial when the prosecution was introducing evidence of other checks issued within a period of 19 days, all for $250, passed or attempted to be passed in the same $200 cash and $50 deposit manner. One was drawn on a Carpet Corner, Inc. check form, signed "Simeon Booker,"

and defendant had pleaded guilty with respect to passing it in a Missouri state court. The others were on The Headhunters Record Shop form, one signed "Simeon Booker," and another signed "Steve Scott" but containing defendant's fingerprints. The evidence as to these checks was relevant and proper. In this context, we hold that making the jury aware of the refusal to provide exemplars was not prejudicial error. This is not in the same category as comment upon an accused's silence after arrest or failure to give an alibi to police officers. *See United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Those cases involved the constitutional privilege to remain silent, established by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We are required to find that defendant-appellant had no constitutional right to withhold the handwriting exemplars.

The decision is affirmed.