**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Irvin J. WALLER, Defendant-Appellant.**

**No. 78–5002.**

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1978.

Decided Aug. 17, 1978.

Rehearing Denied Oct. 9, 1978.

Donald Krosin, Deputy Federal Public Defender, Cleveland, Ohio, for defendant-appellant.

James R. Williams, U. S. Atty., Herbert M. Berkowitz, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

The defendant appeals his three and one-half year sentence for mail fraud. The record reveals that defendant refused to provide police with a sample of his handwriting which the police needed to identify handwriting on various checks, allegedly fraudulently signed by defendant. When the government produced at trial a six year old fingerprint card with the defendant's signature on it, the defendant excused himself temporarily from the courtroom, supposedly for the purpose of going to the restroom, and never returned.

The trial continued in his absence, however, and District Judge Thomas noticed that the defendant had left behind on the table a yellow pad on which he had made notes during the trial. The Court, sua sponte, ordered the pad seized. The writing on the pad was compared with the signatures on the checks. The handwriting expert testified that the writing was identical, and the defendant was convicted in absentia of eight counts of mail fraud. He was apprehended a year later in Philadelphia.

The sole issue on appeal is the propriety of the Court's seizure of the yellow pad after defendant took flight. The content of the notes on the legal pad did not include private communications to the defendant's counsel or incriminating evidence but were admittedly solely for the purpose of comparing the handwriting characteristics of the defendant with the handwriting characteristics of the signatures on the checks in question.

The defendant argues *first*, that the notes were privileged communication in which the defendant had a legitimate expectation of privacy and *second*, that the trial court acted as a prosecutor and investigator rather than as an impartial judge in ordering the note pad seized. We do not

believe, however, that the contents of the writings on the note pad justify defendant's claim of privileged communications, nor that the defendant's conduct in leaving the note pad in a prominent place in a public courtroom is consistent with a claim of privacy. The writings thereon were not intended as confidential communications between attorney and client. The Fourth and Fifth Amendments protect certain kinds of private communications and property interests but do not protect identifying characteristics such as voice and handwriting evidence. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1965).

■ The seizure of the note pad was not in the presence of the jury, and the record in this case does not indicate that the District Judge improperly intervened in the trial for the purpose of persuading the jury of the defendant's guilt. Rather, at the time the District Judge seized the yellow pad in question for the purpose of obtaining handwriting comparisons, he could not know whether the handwriting exemplars would tend to exonerate the defendant or establish his guilt. The trial record contains abundant evidence that the District Judge conducted the trial with restraint and impartiality, and his seizure of the note pad for the purposes of handwriting comparisons after the defendant took flight and left the note pad in the courtroom is evidence only that the District Judge was attempting to get at the truth.

Accordingly, the District Court's judgment entered upon defendant's conviction is hereby affirmed.