**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Paul Albert ASKEW, a/k/a, Theodore
Eugene Kelley, Defendant-Appellant.**

No. 77-1549.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 10, 1978.

Decided Oct. 10, 1978.

Jeffrey A. Hyman, Denver, Colo., for defendant-appellant.

Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan. (James P. Buchele, U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and LEWIS and DOYLE, Circuit Judges.

LEWIS, Circuit Judge.

The defendant appeals from a judgment entered following a court trial in which he was found guilty of three counts of interstate transportation of forged securities under 18 U.S.C. § 2314. Defendant asserts that he was denied his constitutional rights to a speedy trial and due process of law. He also assigns error to the trial court in admitting evidence relating to other crimes committed by the defendant and allowing the prosecution to comment on the failure of the defendant to produce handwriting exemplars. For reasons hereinafter stated we affirm the judgment below.

Defendant was indicted for the above-mentioned offenses on December 13, 1974. After a number of continuances were granted the defendant due to poor health, an omnibus hearing was held on April 15, 1975, and the defendant was arraigned on

May 19. On June 12, the defendant was ordered to provide the Government with certain handwriting exemplars, but upon his refusal in open court to comply, the defendant was ordered held in contempt on July 1, 1975. The trial was continued until such time as the defendant purged himself of contempt. Over nineteen months later, on February 22, 1977, the defendant moved for dismissal based on denial of his right to a speedy trial. This motion was denied on March 3, 1977, and the case was reset for trial based on indications by the Government that it was willing to try the case without the requested exemplars. Following further continuances the case was tried to the court on May 10, 1977.

## I.

 The record in this case reveals that the defendant has not suffered a deprivation of his Sixth Amendment right to a speedy trial. The Supreme Court has prescribed a balancing test in speedy trial cases which calls for an *ad hoc* appraisal of the following factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101. While the length of delay in this case was substantial, that alone does not require dismissal on Sixth Amendment grounds. The greater part of the delay was caused by the defendant himself, due to his poor health in the early stages of the litigation and later by his refusal to comply with the court order to submit handwriting exemplars. The defendant will not be heard to complain about delay for which he was the cause. *United States v. Key*, 10 Cir., 458 F.2d 1189, *cert. denied*, 408 U.S. 927, 92 S.Ct. 2510, 33 L.Ed.2d 339. The order to produce the handwriting exemplars was lawful, *Gilbert v. California*, 388 U.S. 263,

87 S.Ct. 1951, 18 L.Ed.2d 1171; *United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99, and the court possessed "inherent power" to enforce compliance through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622. Defendant's reliance on *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, in support of his assertion that it was improper to postpone the trial during his confinement for contempt is misplaced. The *Hovey* court held merely that a defendant could not properly be subjected to a default judgment due to inability to file an answer while being confined in contempt. No such judgment was entered against defendant in this case. A trial court must be empowered to continue proceedings until the defendant is purged of contempt, or the efficacy of the court's valid orders would be substantially vitiated. *See, United States v. Mitchell*, 6 Cir., 556 F.2d 371.[1]

 The case was set for trial on March 15, 1977, but was delayed due to unavailability of three government witnesses and conflicting obligations of the prosecutor. This is sufficient justification for some delay. *Barker v. Wingo, supra*, 407 U.S. at 531, 92 S.Ct. 2182. Defendant did not raise his speedy trial arguments until February 22, 1977, and he has shown no prejudice from the delay. Under *Barker*, prejudice to the defendant is assessed in terms of the following interests which the speedy trial right is intended to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.*, at 532, 92 S.Ct. at 2193 (footnote omitted). During most of the pendency of this case the defendant was in custody for charges pending against him in the Western District of Missouri, which were not dismissed until April 14, 1977. Further, the defendant produced

---

1. The cited case requires a comment.

The Sixth Circuit remanded in *Mitchell* for resentencing holding that a sentence for civil contempt for failure to produce exemplars was limited under 28 U.S.C. § 1826(a) to a period of eighteen months and applied to defendants as well as to recalcitrant witnesses. Mitchell was ordered to be given credit against his principal sentence for time served in excess of eighteen months for his contempt. We reserve this basic question of statutory interpretation for in the case at bar the defendant was given credit for his entire sentence imposed for contempt.

no evidence at trial and has made no showing that his defense was at all prejudiced by the delay. While we do not minimize the anxiety and concern to which the defendant was subjected in awaiting trial, *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, we hold that the total circumstances presented here do not amount to deprivation of the Sixth Amendment right to a speedy trial. *United States v. Mackay*, 10 Cir., 491 F.2d 616, *cert. denied*, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640.

## II.

■ Defendant contends that he was denied due process of law by what he deems an unreasonable government delay in determining that the case could be prosecuted without the sought handwriting exemplars. We are provided with no authority in support of this proposition, and we find it to be without merit. The handwriting exemplars sought by the Government would have unquestionably been highly relevant and useful in the prosecution of this case, even if they were not absolutely essential, and the trial judge found the Government's case to be substantially weakened without them. In light of defendant's prolonged recalcitrance, however, the Government may well have concluded that it faced even greater risk from faded memories of witnesses if prosecution were to be delayed further. The belated decision to proceed without the desired exemplars was thus reasonable under the circumstances, and defendant was not deprived of due process of law.

## III.

■ At trial evidence was presented that in 1971 the defendant was convicted of violation of 18 U.S.C. § 2314, the same statutory offense involved here. The offenses with which defendant was here charged occurred within a few months after he was released from the sentence imposed after the earlier conviction. The trial judge ruled that evidence of the prior conviction was admissible under Fed.R.Evid. 404(b) to show knowledge, intent, and the absence of mistake or accident. The judge further ruled that the probative value of the evidence of prior conviction greatly outweighed its possible prejudicial effect. This determination was properly within the trial judge's discretion, and the admittance of this evidence does not call for reversal. *United States v. Nolan*, 10 Cir., 551 F.2d 266, *cert. denied*, 434 U.S. 904, 98 S.Ct. 302, 54 L.Ed.2d 191.

## IV.

■ The final appellate argument presented here is that the trial court erred in allowing the Government to comment on defendant's refusal to produce exemplars as tending to prove his guilt of the offense charged. The sole authority cited by defendant is an opinion from another circuit. *United States v. White*, 7 Cir., 355 F.2d 909, *cert. denied*, 389 U.S. 1052, 88 S.Ct. 796, 19 L.Ed.2d 846. The great weight of authority, however, holds such comment proper. *United States v. Blakney*, 10 Cir., 581 F.2d 1389 (1978); *United States v. Franks*, 6 Cir., 511 F.2d 25, 35–36, *cert. denied sub nom. Mitchell v. United States*, 422 U.S 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693, and *Britton v. United States*, 422 U.S. 1048, 95 S.Ct. 2667, 45 L.Ed.2d 701; *United States v. Nix*, 5 Cir., 465 F.2d 90, *cert. denied*, 409 U.S. 1013, 93 S.Ct. 455, 34 L.Ed.2d 307, *reh. denied*, 409 U.S. 1119, 93 S.Ct. 918, 34 L.Ed.2d 704; *United States v. Doe*, 2 Cir., 405 F.2d 436. We likewise hold that comment on defendant's refusal to comply with a lawful order to produce handwriting exemplars as an indication of guilt was proper in this case. The disobeyed order did not violate defendant's Fifth Amendment privilege against self-incrimination, and the trial court was justified in drawing an inference of guilt from defendant's refusal to comply.

AFFIRMED.