The UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Eugene COTNER,
Defendant-Appellant.

No. 80–1500.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 14, 1981.

Decided Sept. 4, 1981.

Richard N. Stuckey of Keene, Munsinger & Stuckey, Denver, Colo., for defendant-appellant.

Kathleen Flanagan, Asst. U. S. Atty., Oklahoma, Okl. (Larry D. Patton, U. S. Atty., and Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., with her on the briefs), for the Western District of Oklahoma, for plaintiff-appellee.

Before BARRETT and SEYMOUR, Circuit Judges, and BROWN,* District Judge.

WESLEY E. BROWN, District Judge.

This is a criminal appeal in which Robert Cotner was convicted by jury of the offense of mailing a threatening communication through the mail, in violation of 18 U.S.C.A. § 876.

The evidence established that an advertisement appeared in the February, 1980 issue of "Soldier of Fortune" magazine which read:

Now hiring for exciting, high risk undercover stateside work. Send resume to R.E.C., Box 129, Bixby, Oklahoma, 74008.

Two government witnesses, Frank Belletire of Evergreen Park, Illinois, and Lance Trimmer of Great Falls, Montana, answered this advertisement, and each subsequently received this correspondence through the mail:

Terminate Henry Johnson, 1212 SW 74th, Apartment 150, Oklahoma City, Oklahoma, as soon as possible. Keep anything you wish from his apartment. It is untraceable and paid for. He is a big time local drug dealer and has a lot of cash and drugs on hand. You will receive $500.00 cash and $50.00 per month for thirty (30) months plus an extra fee if the job is done now. Seriously injure on any males—slight injury on females around at time of completion.

The two recipients of this message reported the matter to the Federal Bureau of Investigation because they felt that this was a contract for murder. There was evidence that the handwriting involved in the correspondence was that of defendant and that his fingerprints were found on the letters. The letters were postmarked Oklahoma City, Oklahoma. The postmistress of Bixby Post Office testified that defendant received mail at P.O. Box 129, Bixby, Oklahoma, a post office box rented by defendant's mother, Ruth Moore. In addition, it was stipulated that defendant did receive mail at that box number. The indictment in this case charged Cotner only with the mailing of the letter addressed to Frank Belletire, at Evergreen Park, Illinois.

The defendant did not testify in his own defense. He did present two witnesses, Tim Cooper and Bill Russell, who described their occupations as "mercenaries", and testified that they were both readers of the magazine "Soldier of Fortune."

It was their testimony that the communication in question did not necessarily connote that the Henry Johnson mentioned was to be killed. Witness Cooper believed that the word "terminate" can mean three things to a mercenary—"[f]inancially, socially and politically."

■ In this appeal, defendant contends that the evidence was insufficient for conviction because there was no evidence from

---

* The Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas sitting by designation.

which a jury could conclude that the word "terminate" meant a threat to kill or injure the person of another. The correspondence quoted above speaks for itself. Defendant presented evidence of his theory of what the message implied. The jury has resolved any conflict in the evidence as to the threatening nature of the correspondence against the defendant. See *United States v. Lincoln,* 589 F.2d 379 (8th Cir. 1979).

■ Defendant contends that it was error to permit the witness Trimmer to testify concerning the letter which he received through the mail, since only the communication received by Belletire was the subject of the indictment. This evidence was admissible under Rule 404(b) of the Federal Rules of Evidence which covers the use of such evidence to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See *United States v. Merryman,* 630 F.2d 780 (10th Cir. 1980); *United States v. Thomas,* 632 F.2d 837 (10th Cir. 1980). There was no error in admitting the evidence of Trimmer.

■ Defendant next contends that the application and order for the submission of handwriting exemplars was improper because the same was not issued in connection with an order to enforce a subpoena for court proceedings or for the grand jury. It has been held that the taking of handwriting exemplars does not violate the Fifth Amendment privilege against self-incrimination, *United States v. Pheaster,* 544 F.2d 353 (9th Cir. 1976), nor the Fourth Amendment right to be secure against unreasonable searches and seizures, *United States v. Waller,* 581 F.2d 585 (6 Cir. 1978), cert. denied 439 U.S. 1051, 99 S.Ct. 731, 58 L.Ed.2d 711. In *United States v. Blakney,* 581 F.2d 1389 (10th Cir. 1978), it was noted that an accused could be jailed for refusal to provide handwriting exemplars, citing *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). The Supreme Court has likewise held that the taking of a handwriting exemplar is not a "critical" stage in criminal proceedings which requires the presence of counsel. *Gilbert v.*

*California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In view of these rulings, we find that there was no error in issuing the order requiring defendant to submit handwriting exemplars.

■ Finally, defendant contends that a new trial should be granted because he wishes to raise an alibi defense, and to present "newly discovered evidence" and witnesses who, "for reasons unknown to me, my attorney and mother apparently could not reach them or refused to reach them for some reason or another." No notice was given of a possible alibi prior to, or during trial. From the statements made by defendant, it is apparent that he was aware of all so-called newly discovered witnesses and evidence prior to trial. In *United States v. Plum,* 558 F.2d 568 at p. 576 (10th Cir. 1977), the rule concerning newly discovered evidence was stated in this manner:

> A motion for a new trial under Rule 33 on the ground of newly discovered evidence must be supported by a showing that the evidence is more than impeaching or cumulative, that it is material to the issues, and that it would probably produce an acquittal; and a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial, * * *

Defendant's motion for new trial was properly denied. There being no error, the judgment of the District Court is AFFIRMED.