Jackie Clinton OWENS, Plaintiff,

v.

Charles L. WOLFF, Jr., Director, Nevada State Prison; the Attorney General of the State of Nevada, Defendants.

No. CIV–R–81–180–ECR.

United States District Court, D. Nevada.

Dec. 29, 1981.

---

Jackie Clinton Owens, in pro. per.

Richard Bryan, Atty. Gen., Criminal Division, Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Jackie Clinton Owens, an inmate at the Nevada State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner set forth three separate grounds in support of his claim for relief from his conviction in the state court for sexual assault. Because each of the grounds advanced by Owens were presented to and addressed by the Nevada Supreme Court in a direct appeal from his conviction, *Owens v. State*, 97 Nev.Adv.Op. 232, 620 P.2d 1236 (1980) state remedies appear to have been sufficiently exhausted for review in this Court. 28 U.S.C. § 2254(b).

This Court is required to hold an evidentiary hearing upon application for a writ of habeas corpus only when:

"(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

*Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 786 (1963); *Founts v. Pogue*, 532 F.2d 1232 (9th Cir. 1976). But where the habeas petition raises only questions of law which can be resolved on the basis of undisputed facts an eviden-

tiary hearing is not required. *Townzen v. Craven*, 444 F.2d 315 (9th Cir. 1971). In other words, no hearing is required or necessary in a federal habeas corpus proceeding in which only legal questions are raised. *Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir. 1978); *Anderson v. Maggio*, 555 F.2d 447 (5th Cir. 1977).

Inasmuch as each of the grounds presented by the petitioner primarily involve issues of law the Court finds that an evidentiary hearing is not presently necessary to resolve the issues raised in the instant petition.

The first ground raised by Owens relates to the trial court's failure to give a jury instruction proposed by him at trial. The petitioner submits that from the totality of evidence presented at trial that it was prejudicial error to refuse to instruct the jury that Owens was mistaken in his belief that the victim had consented to sexual intercourse.

■ As a general principal questions concerning jury instructions are normally matters of state law and are not cognizable in federal habeas corpus proceedings. *Pilon v. Borden-Kircher*, 593 F.2d 264 (6th Cir. 1979), *Jacks v. Duckworth*, 486 F.Supp. 1366 (N.D.Ind.1980). However, a federal court may grant relief in a habeas proceeding based on alleged error in state trial court's failure to give a proposed charge to the jury if such failure is so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Trujillo v. Stone*, 384 F.Supp. 633 (N.D.Cal.1974); *United States ex rel. Means v. Solem*, 646 F.2d 322 (8th Cir. 1980).

■ It is well settled that a defendant is entitled to an instruction on his theory of the case if the record contains evidentiary support and the theory is supported by the law. *U.S. v. Nevitt*, 563 F.2d 406 (9th Cir. 1977).

■ The respondent asserts in this case that the trial court's refusal to give the petitioner's proffered instruction regarding mistake was not error because no evidence

was produced at trial to support the defense of consent.

Upon direct review of the petitioner's conviction the Supreme Court of Nevada likewise found that the trial court properly rejected the proposed instruction because the record contained no supportive evidence. *Owens v. State, supra,* 620 P.2d at 1239. The petitioner has not offered any basis or allegation which would either indicate that any supportive evidence was presented in the trial court or that this Court should not give such finding by the state court a presumption of correctness as required by 28 U.S.C. § 2254(d) and *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

Thus, under these circumstances it is impossible to find that the trial court erred in refusing the petitioner's proposed instruction much less that such refusal constituted a prejudicial error of constitutional dimensions.

■ Petitioner next argues that the trial court erred in allowing a jury instruction which allowed the jury to consider Owens' failure to submit court-ordered handwriting exemplars as consciousness of guilt. Again, it is not necessary to consider what, if any, prejudice may have resulted from giving the instruction regarding the failure of petitioner to give a court-ordered handwriting exemplar because such action does not appear to have been error. The circuits which have ruled on the issue have held that evidence of a defendant's failure to give court-ordered handwriting exemplars is probative of consciousness of guilt. *United States v. Blakney,* 581 F.2d 1389 (10th Cir. 1978); *United States v. Askew,* 584 F.2d 960 (10th Cir. 1978); *United States v. Franks,* 511 F.2d 25, 35–36 (6th Cir. 1975).

Finally, the petitioner claims a cumulation of prosecutorial misconduct during closing argument resulted in a denial of his right to a fair trial.

■ In order for a habeas corpus petitioner to prevail on a claim that improper argument by the prosecutor to the jury was prejudicial and marred his state court trial, such error must be of constitutional magnitude. *Sampsell v. People of State of California,* 191 F.2d 721 (9th Cir. 1951). As stated in *Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir. 1979) "prosecutorial argument must be so egregious as to render the entire trial fundamentally unfair" before federal habeas corpus relief would be available.

Having examined the three instances of alleged prosecutorial misconduct which occurred during the prosecutor's closing argument this Court finds that such remarks fall well short of constituting a denial of due process.

■ The only improper comment presented to the jury by the prosecutor during closing argument which may have prejudiced the petitioner was a remark including the prosecutor's own personal opinion that he could not "see the good in" Owens. In light of the trial court's cautionary instruction given immediately after the prosecutor's improper statement and the timely objection made thereto it is difficult indeed to see how such misconduct can rise to the level required for habeas relief in this case. *See Zemina v. Solem,* 438 F.Supp. 455 (D.C. S.D.1977), affirmed 573 F.2d 1027. In other words, this Court finds that comments made by the prosecutor during final argument in petitioner's state court trial could not have affected the fairness of the trial and did not attain constitutional proportions. *Downie v. Burke,* 408 F.2d 343 (7th Cir. 1969).

As well stated in *Sampsell v. People of the State of California, supra,* 191 F.2d at 725:

"Our function in this type of proceeding is not to correct errors committed in a state trial court ... Federal Courts must withhold interference with the administration of state criminal justice unless a federal right has been violated."

IT IS HEREBY ORDERED that the within petition for writ of habeas corpus be, and the same hereby is DENIED.