765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWARD LEE HILTON, PLAINTIFF-APPELLANT,
v.
UNITED STATES DEPARTMENT OF JUSTICE, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-1393
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff is appealing from a judgment dismissing his civil rights action. The defendants move to remand the case to the district court for consideration of 'Plaintiff's Motion for Jury Trial,' dated February 6, 1984, which apparently was served upon defendants but never filed in the district court. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of defendants' motion, plaintiff's appellate brief and the certified record on appeal, the Court concludes that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was incarcerated in the Federal Correctional Institution in Milan, Michigan (MCI), after being found in civil contempt for refusing to give a handwriting exemplar. He was placed in a unit designated for 'marshal's prisoners,' i.e., pretrial detainees and those being held for civil contempt. In the present action, plaintiff seeks damages and injunctive relief against the U.S. Department of Justice, Calvin Edwards (the warden of MCI), Kenneth Briggs (a deputy U.S. marshal), and Donald Hilliard (a correctional counselor at MCI). The allegations presented in the complaint are basically threefold:
 
 
 3
 1. That the conditions of plaintiff's confinement as a 'marshal's prisoner' are considerably more restrictive than those of convicted prisoners;
 
 
 4
 2. That defendants conspired to deprive him of his constitutional rights under 42 U.S.C. Sec. 1985(3); and
 
 
 5
 3. That defendants Briggs and Hilliard conspired to make the conditions of his confinement intolerable to coerce him into purging himself of contempt.
 
 
 6
 Plaintiff moved to voluntarily dismiss his claims against the Department of Justice and Warden Edwards, and his motion was granted by the district court. In his response to the district court's order of January 26, 1984, plaintiff also abandoned his claims under 42 U.S.C. Sec. 1985(3). The claims remaining for decision, therefore, are whether defendants Briggs and Hilliard are liable to plaintiff for the conditions of his confinement and for allegedly attempting to coerce the plaintiff into purging himself of contempt. Plaintiff has properly characterized these issues as direct constitutional claims under the authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 7
 Upon consideration, we find plaintiff's claims to be without merit. Under current federal prison regulations, inmates incarcerated for civil contempt are not to be housed in the general prison population (unless prison security so requires) and are permitted to mingle with convicted prisoners only if they sign a waiver of separation. See 28 C.F.R. Sec. 551.100 et seq. We find that separation not to be arbitrary or purposeless but instead the result of a legitimate governmental interest. Nor does the separation violate principles of equal protection in that similar opportunities for religious observances, medical care, recreation, and legal research are provided to inmates being held for civil contempt. The separation is not unconstitutional simply because the inmate contact with the general prison population is restricted. See Boudin v. Thomas, 543 F.Supp. 686, 691-93 (S.D.N.Y. 1982).
 
 
 8
 We likewise find without merit plaintiff's allegation that defendants Briggs and Hilliard conspired to coerce him into purging himself of contempt. A person suing under Bivens must show that defendants knew or should have known that the action he took within the sphere of official responsibility would violate plaintiff's constitutional rights. Hall v. United States, 704 F.2d 246 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 508 (1983). As stated above, the conditions of plaintiff's confinement are not unconstitutional. Further, the handwriting exemplar which plaintiff refuses to provide is not protected by the Fifth Amendment right against self-incrimination or the Fourth Amendment protection against unreasonable searches and seizures. United States v. Waller, 581 F.2d 585 (6th Cir.), cert. denied, 439 U.S. 1051 (1978). It appearing, therefore, that no clearly-established constitutional right of the plaintiff is being infringed, defendants are not liable to the plaintiff under Bivens.
 
 
 9
 Since we have resolved plaintiff's claims and find them to be without merit, we deem it unnecessary to remand this case to the district court for further proceedings.
 
 
 10
 It further appearing that the questions on which decision of this cause depends are so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 11
 It is ORDERED that defendants' motion to remand be denied and the judgment of the district court is hereby affirmed.