STATE of Iowa, Appellee,

v.

Kaye Lorraine
LONGSTREET, Appellant.

STATE of Iowa, Appellee,

v.

Molli Kaye BISSON, Appellant.

No. 86–1214.

Supreme Court of Iowa.

June 17, 1987.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant Longstreet.

Karl D. Briner, Asst. Public Defender, Waterloo, for appellant Bisson.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., James M. Metcalf, Co. Atty., and Thomas H. Fergeson, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO and NEUMAN, JJ.

WOLLE, Justice.

Defendants Kaye Longstreet and Molli Bisson were charged on January 3, 1986 with the first-degree robbery of a Waterloo home. *See* Iowa Code § 711.2 (1985). Unable to make bond, they were held in the Black Hawk county jail awaiting trial. When officers found at the crime scene a notebook containing handwritten instructions on how to commit the robbery, the prosecution sought and obtained an order requiring both defendants to give handwriting exemplars pursuant to Iowa Code chapter 810 (providing for nontestimonial identification). Defendants, however, refused to furnish samples of their handwriting, and the district court found they had "intentionally and willfully refused to obey a proper order...." *See* Iowa Code § 810.14. The district court returned them to jail, continuing the trial "until such time as the defendant[s] [comply] with the court order by providing handwriting exemplars to the law enforcement authorities." Defendants contend the district court erred (1) in continuing their trial on the robbery charge as a sanction for their contempt, and (2) in denying their motion to dismiss based on speedy trial grounds. We affirm and remand for further proceedings on the criminal charges.

### I. *Sanction for Contempt.*

Defendants concede they were in contempt for failing to provide handwriting exemplars ordered by the district court, but they contend the court selected an unauthorized sanction for their contempt—indefinite continuance of their criminal trial. They point out that a continuance of a criminal case is not one of the contempt sanctions specifically authorized in Iowa Code chapter 665, the statute that governs contempt in Iowa. For authority they rely primarily on *Wilson v. Fenton*, 312 N.W.2d 524, 528–29 (Iowa 1981), where we held that Iowa Code chapter 665 includes a complete and exclusive reservoir of sanctions for contempt.

Chapter 665 authorizes two types of sanction for contempt: section 665.4 lists the dollar amounts of fines and months or days of imprisonment that may be imposed for those contempts that are "not otherwise specifically provided" in the statute; and section 665.5, a contempt "specifically provided," states in part:

> If the contempt consists in an omission to perform an act which is yet in the power of the person to perform, the person may be imprisoned until the person performs it.

This specific sanction, imprisonment of indefinite duration, can be used forcefully to coerce compliance with a court order. *See Coyle v. Sawyer*, 198 Iowa 1022, 1028, 200 N.W. 721, 723 (1924). The section 665.5 sanction differs considerably from the primarily punishment-oriented sanctions listed in section 665.4. *See Wilson v. Fenton*, 312 N.W.2d at 528–29. It is the functional equivalent of the civil contempt sanction widely recognized at common law. *See Phillips v. Iowa Dist. Court*, 380 N.W.2d 706, 708 (Iowa 1986), (quoting *Shillitani v. United States*, 384 U.S. 364, 368–70, 86 S.Ct. 1531, 1534–35, 16 L.Ed.2d 622, 626–27 (1966)):

> When the petitioners carry "the keys of their prison in their own pockets," the action "is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees."

We find in section 665.5 statutory authority for the district court to retain defendants in jail and not schedule their trial until they had complied with its lawful order.

Defendants' reliance on *Wilson v. Fenton* is misplaced. In *Wilson* we disallowed as a sanction payment of attorney fees and costs by the contemnor, since that was not authorized by any provision in chapter 665. 312 N.W.2d at 529–30. Here, in contrast, section 665.5 specifically provides for imprisonment of defendants to coerce compliance with the court order they readily could perform, and that was precisely the effect of the order continuing the case. The statute, after all, states that the contemnor "may be imprisoned until he performs." Iowa Code § 665.5. Implicit in that language is authority to continue the trial of the contemnors already held in pretrial confinement until they furnish the evidence required by court order.

In a case presenting very similar facts, *United States v. Askew*, 584 F.2d 960 (10th Cir.1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1979), the court likewise found authority to continue a case until the defendant complied with an order requiring handwriting exemplars, explaining:

> A trial court must be empowered to continue proceedings until the defendant is purged of contempt, or the efficacy of the court's valid orders would be substantially vitiated.

*Id.* at 584 F.2d at 962; *see United States v. Mitchell*, 556 F.2d 371, 381 (6th Cir.), *cert. denied*, 434 U.S. 925, 98 S.Ct. 406, 54 L.Ed.2d 284 (1977); *People v. Schmoll*, 77 Ill.App.3d 762, 763, 33 Ill.Dec. 245, 247, 396 N.E.2d 634, 636 (1979), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980).

Iowa Code section 665.5 provided the district court the requisite authority to continue the criminal trial and thereby retain defendants in jail indefinitely to coerce their compliance with the order requiring handwriting exemplars.

## II. *The Motion to Dismiss.*

■ Defendants also contend the district court erred in overruling their motion to dismiss based on their claimed right to speedy trial under Iowa Rule of Criminal Procedure 27(2)(b), article I, section 10 of the Iowa Constitution, and the sixth and fourteenth amendments to the United States Constitution.

Rule 27(2)(b) requires that a defendant be brought to trial within ninety days of indictment. When a trial is not commenced within the prescribed period, dismissal is mandated unless (1) the defendant has waived his right to a speedy trial, or (2) the delay is attributable to the defendant, or (3) "good cause" exists for the delay. *State v. Clark*, 351 N.W.2d 532, 534 (Iowa 1984);

*State v. Bond,* 340 N.W.2d 276, 279 (Iowa 1983); *State v. Hamilton,* 309 N.W.2d 471, 475 (Iowa 1981). The State is burdened with proving the applicability of one of these exceptions to the speedy trial rule. *Bond,* 340 N.W.2d at 279. Here, the district court concluded that

(1) the State has met its burden of showing "good cause" for the delay and (2) the delay is attributable to the defendants.

We agree. The prosecution was entitled to obtain the handwriting exemplars, and the defendants' refusal to provide that evidence constituted both good cause as found by the district court and delay attributable alone to the defendants.

Defendants argue that the State's need for handwriting samples is marginal when balanced against the defendants' speedy trial rights. The district court, however, was not obliged to offset defendants' speedy trial rights against the prosecution's right to obtain evidence. Upon being presented with an application for a nontestimonial order, a district court is to consider the factors specified in Iowa Code section 810.6:

1. That there is probable cause to believe that a felony described in the application has been committed.

2. That there are reasonable grounds to suspect that the person named or described in the application committed the felony and it is reasonable in view of the seriousness of the offense to subject that person to the requested nontestimonial identification procedures.

3. That the results of the requested nontestimonial identification procedures will be of material aid in determining whether the person named or described in the application committed the felony.

4. That such evidence cannot practicably be obtained from other sources.

We agree with the district court that the State made a sufficient showing for issuance of the order directing defendants to give handwriting exemplars. It was then incumbent upon defendants either to comply with the order or to show cause why they should not be held in contempt of court for failing to comply. Defendants were afforded opportunities at two hearings to show cause for releasing them from the contempt sanctions. Defendants provided no reasonable justification whatsoever for their noncompliance. It is well established that the privilege against self-incrimination is not violated by requiring an accused to furnish a handwriting exemplar. *See Gilbert v. California,* 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1953–54, 18 L.Ed.2d 1178, 1182–83 (1967). *See generally,* Annotation, *Propriety of Requiring Accused to Give Handwriting Exemplar,* 43 A.L.R.3d 653, 660 (1972 & Supp.).

In its contempt ruling the district court cautioned that any delay in trying the case would be "attributable to the [defendants'] failure to comply with the court order and shall count against [them] for any computation of speedy trial time." It reiterated that conclusion in its ruling on defendants' motion to dismiss, characterizing the delay as defendants' responsibility since the samples "can be provided any time defendants choose." The district court was correct in ascribing to these defendants the delay resulting from their recalcitrance and in finding that delay constituted an exception to the speedy trial requirement of rule 27(2)(b). *See State v. Ege,* 274 N.W.2d 350, 355 (Iowa 1979).

We have interpreted rule 27(2)(b) to be "narrower and more restrictive than the constitutional right to a speedy trial." *Bond,* 340 N.W.2d at 278. Consequently, there is no more merit in defendants' claims to speedy trial grounded in the Iowa and United States Constitutions than in their claim based on Iowa Rule of Criminal Procedure 27(2)(b).

### III. *Disposition.*

■ To date the district court has been authorized and fully warranted in incarcerating the defendants to coerce compliance with its order requiring handwriting exemplars. We recognize, however, that due process may at some future time require trial of the criminal case without handwriting exemplars once the confinement has lost all coercive force. *See United States*

*ex rel. Thom v. Jenkins,* 760 F.2d 736, 740 (7th Cir.1985); *In re Grand Jury Investigation,* 600 F.2d 420, 424–25 (3rd Cir.1979). Trial of the defendants on the criminal charges must eventually be completed regardless of the defendants' continuing contempt. In most jurisdictions the trial court would allow the prosecution to comment on the defendants' refusal to produce exemplars as tending to suggest their guilt. *See Askew,* 584 F.2d at 963; *United States v. Blakney,* 581 F.2d 1389, 1390–91 (10th Cir. 1978). That evidentiary issue of constitutional dimension, however, is not now before us. Neither do we decide whether the court's order will soon lose its coercive force. Defendants have not shown that their continued confinement will not presently achieve its important purpose of coercing compliance with a lawful order of the district court.

AFFIRMED AND REMANDED.