961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara OLSON, Defendant-Appellant.
 No. 91-2109.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 1
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID SAM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Barbara Olson, pro se, following a jury trial, was convicted of five counts of making a false statement to the Internal Revenue Service, in violation of 18 U.S.C. § 1001, and one count of making a false, fictitious, or fraudulent claim, in violation of 18 U.S.C. § 287. She was sentenced to three months on each count to be served concurrently. She now appeals the convictions.
 
 
 6
 The charges against Defendant arose from Defendant's arrest, conviction, and incarceration for an unrelated, minor traffic offense. After the traffic matter was concluded, she mailed to the municipal judge and to jail and police personnel demands for payment for the time she spent in jail on the traffic charge. Defendant requested $75,311.46 from each of six people,[1] for a total of $451,868.76. When no one paid, Defendant sent to each "billing" recipient, an IRS 1099 form, stating that Defendant had paid each recipient $75,311.46, for a total of $451,868.76. Defendant furnished that information to the IRS via a 1096 form. No money was paid by Defendant to any of those to whom she mailed a 1099 form.
 
 
 7
 Defendant filed her own income tax return, 1040 form, reflecting that she had paid $451,868.76 to the six individuals, and requesting a tax refund of $323,411.76, based on that alleged payment. The filing of the 1099 forms, reflecting payment to the recipients without corresponding statements of income on the tax returns filed by the recipients, would likely have resulted in IRS audits of the recipients' tax returns, causing inconvenience to the recipients. Based on those allegations, Defendant was indicted by a federal grand jury, tried, and convicted.
 
 
 8
 We have considered the arguments and authorities raised by Defendant in her Brief in Support of Appeal, Brief in Support of Assistance of Counsel, Brief in Support of Article III Judge, and Motion for Stay Pending Appeal (Rule 8A) and/or Motion for Release for Orders Respecting Release Pursuant to Rules of Appellate Procedure (Rule 9b).[2] We have also reviewed the pleadings and transcripts of proceedings in the district court, as well as the Government's brief and appendix.
 
 
 9
 On appeal, Defendant asserts the following errors: (1) denial of her motion to dismiss the indictment; (2) violation of her Sixth Amendment right to counsel; (3) acquisition of her handwriting exemplars in violation of her Fourth and Fifth Amendment rights; (4) the district court's refusal to subpoena defense witnesses; (5) lack of jurisdiction; and (6) sufficiency of the evidence to sustain the convictions. We have jurisdiction over this direct criminal appeal under 28 U.S.C. § 1291. We affirm.
 
 1. Defendant's Motion to Dismiss Indictment
 
 10
 Prior to trial, Defendant filed a document entitled "Defendant Barbara Olson's Affirmative Defenses," requesting dismissal of the indictment. Rec.Vol. I, Doc. 7. The trial court treated the pleading as a motion to dismiss and denied it. Rec.Vol. I, Doc. 28. Defendant alleges error in the district court's refusal to dismiss the indictment as follows: (a) she was not permitted to voir dire the grand jury; (b) the grand jury was biased in favor of the Government;[3] (c) a government prosecutor tampered with the grand jury; and (d) the IRS and its agents are foreign entities who failed to file the necessary registrations so were not permitted to appear in court. We review the trial court's ruling on dismissal of an indictment for abuse of discretion. United States v. Williams, 899 F.2d 898, 904 (10th Cir.1990), cert. granted, 112 S.Ct. 294 (1991).
 
 
 11
 Contrary to Defendant's argument, the language of 28 U.S.C. § 1866(c) does not provide her an absolute right to voir dire the grand jury. Furthermore, "[i]ndicted defendants do not have a right to challenge the fairness of the grand jury ... [absent] a showing that the grand jury was corrupt and had not followed the law." United States v. Thomas, 632 F.2d 837, 846 (10th Cir.), cert. denied, 449 U.S. 960 (1980).
 
 
 12
 Defendant asserts that the members of the grand jury were biased in favor of the IRS because they used Federal Reserve Notes and paid income taxes. She does not, however, allege any impropriety such as payment of money or a promise of favorable treatment by the IRS to any juror.[4] Defendant has failed to allege sufficient grounds to "pierce the armor surrounding the grand jury." See id.
 
 
 13
 Defendant also asserts that prosecutorial misconduct in the grand jury proceedings required dismissal of the indictment. To warrant dismissal of an indictment, prosecutorial misconduct must be so flagrant that the grand jury's ability to exercise independent judgment is significantly infringed. United States v. Kilpatrick, 821 F.2d 1456, 1465 (10th Cir.1987), aff'd on other grounds sub nom. Bank of Nova Scotia v. United States, 487 U.S. 250 (1988). Defendant's allegations of intimidation by the government attorney do not rise to this level. Furthermore, contrary to Defendant's claims, it was not improper for the government attorney to be present while the grand jury was in session. Fed.R.Crim.P. 6(d). Finally, Defendant has not alleged that she was prejudiced by any errors in the grand jury proceedings. See Bank of Nova Scotia, 487 U.S. at 255.
 
 
 14
 We also reject Defendant's claim that the IRS and its agents are foreign entities required to register with the Government. The IRS is an agency of the United States government. See, e.g., 31 U.S.C. § 301 ("The Department of the Treasury is an executive department of the United States Government...."); Lonsdale v. United States, 919 F.2d 1440, 1445 n. 3, 1447 (10th Cir.1990) (Secretary of the Treasury authorizes Commissioner of Internal Revenue to administer and enforce the Internal Revenue laws; notes that Internal Revenue Service is a division of the Department of the Treasury). Accordingly, we perceive no abuse of discretion in the district court's denial of Defendant's motion to dismiss the indictment.
 
 2. Right to Counsel
 
 15
 Defendant initially complains that she was not afforded counsel during her appearance before the grand jury. "[N]o sixth amendment rights attach prior to indictment...." In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1493 (10th Cir.1990). Therefore, Defendant's claim must fail.
 
 
 16
 Defendant asserts that she was denied her Fifth Amendment right to representation of counsel at trial. A defendant has the constitutional right to waive her right to counsel and to represent herself at trial. Faretta v. California, 422 U.S. 806, 836 (1975). We review de novo the voluntariness of Defendant's waiver of counsel. United States v. Burson, 952 F.2d 1196, 1199 (10th Cir.1991). Ideally, the trial judge should engage in a formal inquiry of the defendant on the record to establish that the defendant is aware of the charges against her, the range of permissible punishments and possible defenses, and is fully apprised of the risks of proceeding pro se. United States v. Willie, 941 F.2d 1384, 1388 (10th Cir.1991), cert. denied, 112 S.Ct. 1200 (1992). If, however, the advisement was deficient, we may still find a knowing and intelligent waiver of the right to counsel. Id. at 1389. We look at the surrounding facts and circumstances, including Defendant's background and conduct, to ascertain whether Defendant actually understood her right to counsel and the difficulties of pro se representation. Id. We can then evaluate whether Defendant's waiver of counsel was knowing and intelligent. Id.
 
 
 17
 Unfortunately, the magistrate judge in this case did not discuss fully the issues and problems of pro se representation on the record before determining that Defendant had waived her right to counsel. Nonetheless, we determine that the circumstances establish Defendant's awareness of her right to counsel and the difficulties of proceeding pro se.
 
 
 18
 Defendant was notified of the charges against her by formal reading of the indictment at the arraignment hearing. Also at that hearing, citing Faretta v. California, Defendant informed the magistrate judge that she would exercise her right of self-representation. Rec.Supp.Vol. VI at 4. The magistrate judge then designated court-appointed counsel as standby counsel for Defendant.
 
 
 19
 Prior to trial, Defendant informed the court that she intended to represent herself at trial. Rec.Supp.Vol. III at 5-7. At the sentencing hearing, Defendant again stated that she had intended to represent herself at trial. Rec.Supp.Vol. V at 7. By written pleading, Defendant informed the court that her standby attorney was not authorized to sign any pleadings on her behalf, but that she would file her own pleadings. Rec.Vol. I doc. 25. Defendant filed at least twenty-two pro se pretrial pleadings in the district court, including motions for extension of time to file motions, for discovery, and for a bill of particulars, as well as jury instructions and formal objections to documents filed by the Government.
 
 
 20
 Defendant further claims that the attorney appointed as her standby counsel was incompetent because he was not familiar with the tax laws. The district court noted that counsel was a "very competent, well-qualified defense attorney who's certainly capable of handling the defense of a case of this nature." Rec.Supp.Vol. III at 7. Defendant's right to counsel does not imply the absolute right to counsel who agrees with Defendant's views of the tax laws. United States v. Weninger, 624 F.2d 163, 166 (10th Cir.), cert. denied, 449 U.S. 1012 (1980). Defendant has failed to make the requisite showing that her standby attorney was "incompetent, unprepared, or ineffective." Burson, 952 F.2d at 1199.
 
 
 21
 Defendant's "repeated and unequivocal assertions of [her] right to self-representation, [her] continuous stubborn refusal to accept the services of ... competent and available counsel, [her] numerous pro se petitions and [her] clear expression that [she] could only work with an attorney who shared [her] views on taxation, constitute a valid implied waiver of [her] right to counsel." Willie, 941 F.2d at 1390 (transcript citation omitted). Defendant's right to counsel was not abridged.
 
 3. Handwriting Exemplars
 
 22
 Defendant next contends that the Government violated her Fourth and Fifth Amendment rights when it obtained handwriting exemplars from her. "[T]he taking of handwriting exemplars does not violate the Fifth Amendment privilege against self-incrimination, [or] the Fourth Amendment right to be secure against unreasonable searches and seizures." United States v. Cotner, 657 F.2d 1171, 1173 (10th Cir.1981) (citations omitted). Furthermore, the taking of handwriting exemplars does not require the presence of counsel. Id. Consequently, Defendant suffered no deprivation of her constitutional rights by the requirement that she provide exemplars of her handwriting.
 
 4. Subpoena of Defense Witnesses
 
 23
 Defendant maintains that the district court refused to subpoena her trial witnesses, thereby prejudicing her defense. We apply an abuse of discretion standard to the district court's rulings on subpoenas. United States v. Greschner, 802 F.2d 373, 378 (10th Cir.1986), cert. denied, 480 U.S. 908 (1987). In this case, Defendant requested subpoenas only for those already under subpoena by the Government. Rec.Supp.Vol. III at 38-40. Defendant cross-examined each of those witnesses and agreed to the dismissal of each at the close of the respective cross-examinations. Defendant alleges no prejudice by the district court's refusal to issue duplicative subpoenas for the Government witnesses. We therefore find no abuse of discretion.
 
 5. Jurisdiction
 
 24
 Defendant alleges that the district court was without jurisdiction for the following reasons: (a) the trial judge was not an Article III judge; (b) the true party was the IRS, not the United States; (c) the tax forms and the fact that it was illegal to file them the way she did were not published in the Federal Register; and (d) the IRS is not authorized to act outside the District of Columbia. We review de novo the question of the district court's jurisdiction. United States v. Visman, 919 F.2d 1390, 1392 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991); see also United States v. Young, 952 F.2d 1252, 1255 (10th Cir.1991) (we review de novo whether defendant's conduct is prohibited by a federal statute).
 
 
 25
 Defendant repeatedly refers to United States District Judge James A. Parker as "Magistrate/Commissioner Parker." See, e.g., Appellant's Brief at 2, 3, 7, 11-12, 13, 14; Motion for Stay at 1 ("Magistrate/Commissioner James A. Parker, impersonating a United States Judge...."). Defendant's argument that Judge Parker was a "magistrate/commissioner," and not a United States District Judge, pursuant to U.S. Const. art. III, § 1, has no basis in fact.
 
 
 26
 Defendant argues that Judge Parker is not an Article III judge because he is paid in currency other than "dollars" or "gold and silver coin." Defendant's Brief in Support of Article III Judge at 13. Federal Reserve Notes are legal tender, redeemable in lawful money. United States v. Rickman, 638 F.2d 182, 184 (10th Cir.1980). Payment to Judge Parker in currency other than in dollars or gold and silver coin does not affect his status as an Article III judge.
 
 
 27
 Defendant's assertion that Judge Parker was biased against her by virtue of his status as a taxpayer was not raised in the district court, so will not be addressed here. United States v. DeWitt, 946 F.2d 1497, 1499 (10th Cir.1991) ("We will not consider issues which are raised for the first time on appeal unless a party demonstrates an impediment which prevented raising the argument below."), cert. denied, 112 S.Ct. 1233 (1992).
 
 
 28
 We also reject Defendant's argument that the district court was without jurisdiction because the true party was the IRS, not the United States. The Internal Revenue Service is an agency of the Department of the Treasury, see 18 U.S.C. § 6; Lonsdale, 919 F.2d at 1445 n. 3, 1447 (IRS is a division of the Department of the Treasury), which is an executive department of the United States Government. 5 U.S.C. § 101. Federal district courts have exclusive jurisdiction pursuant to 18 U.S.C. § 3231 for crimes established by the provisions of the Internal Revenue Code. United States v. Tedder, 787 F.2d 540, 542 (10th Cir.1986).
 
 
 29
 Defendant presents arguments regarding the nonpublication of IRS forms and prohibitions relating to the filing of such forms. "These arguments are specious. At the very least, taxpayers have actual notice of form 1040 and similar forms; and descriptions permitting an understanding of the organization of the Internal Revenue Service are published by statute and in the Code of Federal Regulations. See, e.g., 26 U.S.C. §§ 7801-7810; 26 C.F.R. Part 600, et seq." Lonsdale, 919 F.2d at 1447. Defendant's arguments based on failure to publish in the Federal Register are "utterly meritless." Id.
 
 
 30
 Defendant next asserts that the Internal Revenue Service is without authority to operate outside the District of Columbia. Federal district courts are explicitly vested with jurisdiction over "all offenses against the laws of the United States" by 18 U.S.C. § 3231. United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990), cert. denied, 111 S.Ct. 2022 (1991). Furthermore, Article I, Section 8 of the United States Constitution authorizes Congress to create, define and punish crimes, irrespective of where they are committed. In addition, Article I, Section 8 and the Sixteenth Amendment empower Congress to create and provide for the administration of an income tax; the statutes under which Defendant was charged and convicted, 18 U.S.C. §§ 287, 1001, plainly fall within that authority. See Collins, 920 F.2d at 629. Arguments that federal jurisdiction does not include prosecutions for federal tax violations have been rejected as "silly" or "frivolous" by courts throughout the nation. Id. We conclude that the district court had jurisdiction over Defendant.
 
 6. Sufficiency of the Evidence
 
 31
 Defendant contends that the evidence was insufficient to sustain the convictions. In reviewing the evidence in a criminal case for sufficiency, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Young, 954 F.2d 614, 618 (10th Cir.1992).
 
 
 32
 The elements of the crime of making a false statement to the IRS are (1) in any matter within the jurisdiction of any department or agency of the United States, (2) the defendant knowingly and willfully makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry. 18 U.S.C. § 1001. At Defendant's trial, five people testified that each had received, in the State of New Mexico, an IRS 1099 form signed by Defendant reflecting payment of $75,311.46 for nonemployee compensation. Each witness also testified that he or she had received no money whatsoever from Defendant. Other witnesses testified that the IRS is an agency of the United States government. The testimony was unrebutted.
 
 
 33
 A person commits the crime of making false, fictitious or fraudulent claims when she (1) makes or presents to any department or agency of the United States, (2) any claim upon or against the United States, or any department or agency thereof, while (3) knowing such claim to be false, fictitious, or fraudulent. 18 U.S.C. § 287. The unrefuted evidence at trial established that Defendant had filed her income tax return, 1040 form, stating that she had paid $451,868.76 in nonemployee compensation and claiming a tax refund of $323,411.76, based on that payment.
 
 
 34
 We determine that the evidence was sufficient for a rational trier of fact to find that Defendant knowingly and willfully made false statements to the IRS, an agency of the United States, to the effect that she had paid $75,311.46 to each of five individuals, in violation of 18 U.S.C. § 1001. We also determine that the evidence was sufficient for a rational trier of fact to find that Defendant presented to the IRS, an agency of the United States, a claim for an income tax refund of $323,411.76, knowing it was false, fictitious, or fraudulent, in violation of 18 U.S.C. § 287. We reject Defendant's argument that she was never confronted with an injured party. See United States v. Amon, 669 F.2d 1351, 1355 (10th Cir.1981) (defendants' argument that it was not shown that they intended to or did harm society deemed frivolous and without merit), cert. denied, 459 U.S. 825 (1982).
 
 
 35
 Defendant further maintains that there existed no probable cause for the grand jury indictment. By its verdict of guilty, however, the trial jury established not only that there was probable cause to bring the charges against Defendant, but that she was in fact guilty as charged beyond a reasonable doubt. United States v. Mechanik, 475 U.S. 66, 70 (1986). Thus we conclude that the evidence was sufficient to sustain the convictions.
 
 7. Other Issues Alleged by Defendant
 
 36
 On appeal, Defendant asserts additional grounds for relief. The following five conclusory claims have not been developed adequately by factual allegation or legal argument and are rejected without discussion. See Worthen v. Meachum, 842 F.2d 1179, app. at 1185 (10th Cir.1988). (1) Defendant was not informed of the true nature of the charges against her, thereby prejudicing her defense; (2) there exists no cross-reference from Title 18 to Title 26 of the United States Code; (3) she was served a subpoena, instead of a summons, to appear before the grand jury; (4) her arrest was illegal; and (5) venue in the District of New Mexico was improper.
 
 
 37
 We will not consider the following issues presented for the first time on appeal. DeWitt, 946 F.2d at 1499. (a) Defendant's argument that the licensure of attorneys at law affected her right to counsel; (b) the Government failed to prove Defendant was in commerce; (c) the Government failed to prove a contract between Defendant and the United States; (d) the Government did not respond to Defendant's affirmative defenses and other motions before they were denied; and (e) the "Public Salaries Act, 4 U.S.C. § 111" is invalid.
 
 
 38
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 All six people testified at trial; Defendant was charged with crimes relating to only five of them
 
 
 [2]
 Defendant incorporated by reference in her appellate brief the arguments set forth in the Motion for Stay. The motion was denied by this court on June 7, 1991
 
 
 [3]
 Defendant also asserts that the trial jury was likewise prejudiced in favor of the Government. The same analysis applies to both the grand jury and the trial jury
 
 
 [4]
 Similarly, Defendant does not allege that any trial juror received money or a promise of favorable treatment by the IRS as a consequence of his or her jury service