POTTAWATTAMIE COUNTY v. CARROLL COUNTY.

1. **Fines Imposed on Change of Venue:** WHAT COUNTY ENTITLED
TO: CODE, § 3370. Certain criminal causes were taken on change of
venue from the plaintiff to defendant county, where they were tried,
and fines were imposed on the defendants. A transcript of the judg-
ment and an execution in each case was sent to the plaintiff county,
where the defendants resided, but before any levy was made the defend-
ants paid to the sheriff the amounts of the several judgments, and he
returned the executions and paid over the money to the clerk of the
defendant county. *Held* that the fines were "collected" in the defend-
ant county, within the meaning of § 3370 of the Code, and belonged to
the treasury of that county.

*Appeal from Carroll Circuit Court.*

THURSDAY, DECEMBER 10.

ON the petition of the defendants in certain criminal cases,
in which the indictments were found in Pottawattamie county,
changes of venue were granted, and the causes were removed
to Carroll county, were the defendants were convicted of the
offenses of which they were accused, and were each sentenced
to pay a fine and the costs of the proceeding. The fines
imposed in the several causes amounted in the aggregate to
$750. The clerk of Carroll county sent a transcript of each
of the judgments to the clerk of Pottawattamie county, who
filed the same in his office and entered them in the judgment
docket. Executions were also issued by the clerk of Carroll
county to the sheriff of Pottawattamie county. But, before
any levy of the executions was made, the defendants paid to
the sheriff the amounts of the several judgments, and he
thereupon returned the executions to the office of the clerk
of Carroll county, and paid over to said clerk the money so
received from the defendants, and the amount of the fines
was paid by the clerk to the treasurer of Carroll county.
This action was brought by Pottawattamie county to recover
the amount of said fines. The circuit court found for the
defendant. Plaintiff appeals.

*John H. Keatley*, for appellant.

*F. M. Powers*, for appellee.

REED, J.—Section 3370 of the Code is as follows: "Fines and forfeitures not otherwise disposed of go into the treasury of the county where the same are collected, for the benefit of the school fund." The fines in question are to be disposed of under this provision, and counsel agree that the question as to which of the counties is entitled to the money depends entirely upon which shall be regarded as the place of collection. The money was paid over by the parties from whom it was collected in Pottawattamie county, and counsel for appellant contends that the collection of the money was simply the receiving of it from the persons from whom it was collected, and therefore the place of payment is the place of collection. In a certain sense it is doubtless true that the receiving of the money by the sheriff was a collection of it. He had in his hands the executions which directed him to satisfy the judgments out of the property of defendants; and if he had proceeded to make the money by the sale of property belonging to the defendants, this, in the ordinary acceptation of the term, would have been the collection of the money. What he did in the premises was the equivalent of this, and, in the same sense, was a collection of the fines. We think, however, that the word "collected" in the section quoted, when used with reference to fines, means more than simply the receiving of the money. To fine is to impose a pecuniary penalty for a violation of the law. In legal sense, the term "to collect a fine" includes all the acts by which the penalty is imposed and enforced. It includes the judgment of the court, which is the means by which the penalty is imposed. It also includes whatever may be done under the process of the court for the enforcement of the penalty. Whatever is done, either by way of imposing the penalty or of enforcing it, is done in the course of the col-

lection of the fine. With this view of what is meant by the collection of a fine, there can be no doubt, we think, but that Carroll county should be regarded as the place where the fines in question were collected. They were imposed by the judgment of the court of that county, and the process for their enforcement was issued by that court, and whatever was done in the premises by the sheriff of Pottawattamie county was done in obedience to the mandates of those writs, and he was required by law to make return of his doings under the writs to the court of that county, and to pay over to its clerk the moneys received upon them. The whole proceeding for their collection was in the court of that county, and that must be regarded as the place of collection.

AFFIRMED.