**Lumyr FRENCH, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR JONES COUNTY, Defendant.**

**No. 94–1910.**

Supreme Court of Iowa.

April 17, 1996.

Douglas D. Herman of Locher, Locher & Strittmatter, Monticello, for plaintiff.

Janette S. Voss of Remley, Willems & McQuillen, Anamosa, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The controlling issue in this original certiorari action concerns whether the district court in a contempt case acted illegally when it entered judgment against plaintiff Lumyr French to reimburse the city of Wyoming for costs incurred while abating a nuisance on French's property. Because we believe the court acted illegally in entering such a judgment, we sustain plaintiff's writ of certiorari.

## I. Background facts and proceedings.

A. *The nuisance action.* In May 1989, the city of Wyoming filed a petition in district court alleging one of its residents, Lumyr French, was maintaining a public nuisance on his real property in violation of Iowa Code section 657.1 (1989) and a city of Wyoming ordinance. In the city's petition, it requested that a totality of various items located in the yard area outside of French's residence be declared a nuisance and that French be permanently enjoined from maintaining such a nuisance in the future. *See* Iowa Code §§ 657.1, 657.2; Iowa R.Civ.P. 320.[1] The city filed the petition only after French refused to act on an earlier formal request by the city in October 1988 to abate the alleged nuisance.

French failed to appear in response to the city's petition, and the district court entered a default judgment on the petition in favor of the city. *See* Iowa R.Civ.P. 230, 232. In June 1989, the court ruled French was illegally maintaining a nuisance on his premises and granted a permanent injunction in favor of the city and against French from maintaining such a nuisance. The judgment provided that if French failed to abate the nuisance within ten days from the date of the order, the city was free to abate the nuisance at French's expense. French never moved to set aside the default judgment. *See* Iowa R.Civ.P. 236. He also did not appeal the judgment. *See* Iowa R.App.P. 1.

Nearly five years after entry of the judgment, French had not abated the nuisance. In March and April of 1994, the city sent French two letters requesting he comply with the June 1989 abatement and injunction order or face a contempt charge by the city and involuntary abatement of the nuisance

---

1. The nuisance formerly maintained by French and at issue in the present certiorari action allegedly consisted of 10,160 pounds of scrap iron (including various rims, pipes, engine blocks and motors), 580 pounds of aluminum breakage, 600 pounds of aluminum cans, 7160 pounds of tin breakage, and 680 pounds of steel.

by the city. The city gave French a May 1 deadline to abate the nuisance.

French had made some effort to clean up his property and, in particular, he removed junked vehicles. He did not, however, remove tons of scrap metal and other materials which were, according to the district court, hazardous to the community in general.

B. *The contempt action.* On May 6, 1994, after the abatement deadline set by the city had passed, the city commenced a contempt action in district court by filing an application for the court to order French to show cause why he failed to comply with the June 1989 court order or else he would be held in contempt. *See* Iowa Code §§ 665.2(3), 665.7 (1995); Iowa R.Civ.P. 330. The application was supported by an affidavit. Iowa Code § 665.6.

After filing the contempt action against French, the city arranged for abatement of the nuisance, under the alleged authority of the court order entered nearly five years earlier. The abatement was completed at a net cost to the city of $3,088.22.

After overruling motions to suppress and dismiss filed by French, the district court held an evidentiary hearing on the city's contempt action against French. *See* Iowa Code § 665.7.[2] At no time prior to the contempt hearing did the city put French on notice of its desire to seek reimbursement for abatement costs through the contempt proceeding.

At the conclusion of the contempt hearing, the city requested that French be held responsible to the city for the net costs of cleaning up French's property. The city did not request the court to punish French by imposing a fine or imprisoning him for his alleged violation of the June 1989 court order. *See* Iowa Code § 665.4(2).

In its ruling, the court found the net costs of removal of the debris of $3,088.22 to be reasonable and entered judgment for the city of Wyoming and against French in that

amount plus interest accruing from the date of the court's order.

C. *The present certiorari action.* In November 1994, French filed an original petition for writ of certiorari in our court challenging the legality of the district court judgment in the contempt action. *See* Iowa Code § 665.11; Iowa R.App.P. 301. After considering the city's resistance, *see* Iowa R.App.P. 302, we granted French's petition.

French and the city dispute whether the district court actually found French in contempt of court under Iowa Code chapter 665 and whether the court's judgment amounted to "punishment" as contemplated by Iowa Code section 665.4.

II. *Scope and standard of review.* An original certiorari action in our court proceeds under Iowa Rule of Appellate Procedure 303. The action shall be by ordinary proceedings, so far as applicable. Iowa R.Civ.P. 317. In this original certiorari action, French is the plaintiff, the district court is the named or nominal defendant, and the city of Wyoming is the underlying defendant. *See* Iowa R.App.P. 303.

■ Certiorari is a procedure to test whether a lower board, tribunal or court exceeded its proper jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306; *Backstrom v. Iowa Dist. Ct.,* 508 N.W.2d 705, 707 (Iowa 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1566, 128 L.Ed.2d 211 (1994). Relief through certiorari is strictly limited to questions of jurisdiction or illegality of the challenged acts. Iowa R.Civ.P. 308, 316.

■ Therefore, our review of the district court's action is to correct errors of law. *Linn County Sheriff v. Iowa Dist. Ct.,* 545 N.W.2d 296, 298 (Iowa 1996); *Iowa Dep't of Transp. v. Iowa Dist. Ct.,* 534 N.W.2d 457, 459 (Iowa 1995); *Backstrom,* 508 N.W.2d at 707.

III. *Lack of contempt adjudication.* The underlying case arose, at the initiation of the city, as an Iowa Code chapter 665 contempt proceeding against French. After the con-

---

**2.** According to the records in the district court file, the contempt hearing was originally scheduled two months earlier in May 1994. At that time, French appeared pro se. The court advised him he may want a lawyer because, in a contempt action, he could be sent to jail. French then requested and was granted a continuance in order for him to retain counsel.

tempt hearing, *see* Iowa Code § 665.7, the district court issued the following ruling:

> On October 21, 1994, hearing was held at the Jones County Courthouse concerning clean-up costs at [French's] property. On June 9, 1989, this court ordered [French] to abate a nuisance on his property and further ordered that if he did not do so, the nuisance could be abated by the City at [French's] cost. [French] made some efforts to clean up his property and, in particular, removed junked vehicles. He did not, however, remove tons of scrap metal and other materials which were hazardous to the community in general. Finally, the City of Wyoming removed the materials making up the nuisance and the cost of removal was $3,088.22. This action was done based on the court's order. Under these circumstances, the court concludes that a warrant is not necessary.

> *This action was brought as a contempt citation; however, there is no request to punish [French]. What is asked is that [French] be [held] responsible for costs of removal. That request is reasonable and judgment should be entered against [French] accordingly.*

> The court finds the cost of removal to be reasonable and, therefore, judgment is entered for the City of Wyoming, Iowa, and against Lumyr French in the amount of $3,088.22. Any interest on the judgment will begin from the date of the entry of this order.

> Any costs associated with this action are assessed to French.

(Emphasis added.)

■ Contempt actions are commonly adjudicated to determine whether the alleged contemnor acted in willful disobedience of a court order beyond a reasonable doubt. *State v. Lipcamon,* 483 N.W.2d 605, 606–07 (Iowa 1992). The district court did not so determine in the present case. The court decided instead that a warrant for entry on French's property need not have been issued prior to the city's abatement of the nuisance and that the city's request for abatement costs was reasonable.

We conclude the city's application for order to show cause why French should not be punished for contempt, filed pursuant to Iowa Code section 665.7, was never adjudicated by the district court.

■ IV. *Proper punishment under Iowa Code chapter 665.* In the present case, the city filed a contempt action against French under Iowa Code chapter 665 through which the only relief sought by the city at the close of the hearing was costs the city incurred to abate the nuisance. The city did not seek reimbursement pursuant to Iowa Code section 364.12(4) or some other appropriate statute. Prior to the contempt hearing, French was not on notice, *see Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), that the city would seek reimbursement for its costs expended to abate the nuisance on his property. Punishment, not damages, is the primary aim of a contempt proceeding under Iowa Code chapter 665. *See Wilson v. Fenton,* 312 N.W.2d 524, 528–29 (Iowa 1981). As we stated in *Wilson,*

> [Iowa Code chapter 665] provides for two types of punishment, "punitive for acts which, being done, are themselves completed contempts, and imprisonment to coerce the performance of affirmative acts ordered by the court."

*Id.* (citation omitted). *But see Haines v. District Ct.,* 199 Iowa 476, 480, 202 N.W. 268, 270 (1925) ("The primary purpose of a contempt proceeding is to vindicate the integrity and independence of the court.").

Chapter 665 is quite specific on acts constituting contempt and penalties flowing therefrom:

> The following acts or omissions are contempts, and are punishable as such by any of the courts of this state ... as hereinafter provided:

> . . . .

> 3. Illegal resistance to any order or process made or issued by it.

> . . . .

Iowa Code § 665.2.

> The *punishment* for contempt, *where not otherwise specifically provided, shall be:*

> . . . .

2. Before district judges and district associate judges, *by a fine* not exceeding five hundred dollars *or imprisonment* in a county jail not exceeding six months *or by both such fine and imprisonment.*

*Id.* § 665.4(2) (emphasis added).

French contends the district court acted illegally in this matter by holding him liable for abatement costs plus interest because the resulting judgment is not "punishment" under the statute. The city asserts that the June 1989 court order outlined "punishment" in the event French did not comply with the judgment: "[I]n the event [French] fails to abate the nuisance within ten days from the date of this order the [city] may abate said nuisance at [French's] expense...." This portion of the judgment, contends the city, satisfies the "where not otherwise specifically provided" language of Iowa Code section 665.4. We disagree.

■ Under the city's theory, every court-ordered contingent legal ramification for non-compliance with an abatement order would qualify as punishment "otherwise specifically provided" under section 665.4. We believe, however, the legislature intended that "otherwise specifically provided" pertained to other *statutes* bearing on contempt actions, not court orders. Thus, we reject the city's interpretation of section 665.4.

■ We find instead that the district court acted illegally when it ordered French to reimburse the city for abatement costs in this contempt action brought for French's alleged violation of the June 1989 court order. *See H.J. Heinz Co. v. Superior Ct.*, 42 Cal.2d 164, 266 P.2d 5, 11 (1954) (in contempt proceedings based on the violation of an injunction, the court has no authority to award damages to compensate for injuries resulting from the violation); 17 Am.Jur.2d *Contempt*

§ 237 (1990). A monetary judgment to a contemnee against a contemnor is neither a fine nor imprisonment, which are the sole forms of punishment available to a court under Iowa Code section 665.4(2). *See Wilson*, 312 N.W.2d at 528–29 ("Because no other sanctions [than those under Iowa Code chapter 665] are provided, no other sanctions are authorized."); 17 C.J.S. *Contempt* § 99 (1963) (punishment for contempt may not exceed the limits prescribed by a valid statute).

■ Although contempt actions are quasi-criminal in nature, *see Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742, 744 (Iowa 1993), the court treated the case as strictly a civil matter, as if it had been brought pursuant to Iowa Code sections 364.12(3)(a) and 364.12(4), based on the city's legal position at the close of the evidence at the contempt hearing.[3] The district court's action in entering judgment in favor of the city against French was impermissible. No authority exists to justify such a judgment in a contempt action.

We conclude that the district court judgment ordering French to reimburse the city for incurred abatement costs is not punishment under Iowa Code section 665.4, and therefore was illegal under chapter 665.

*V. Disposition.* We sustain the writ of certiorari. At the urging of the city, the district court did not adjudicate this matter as a contempt action as the case was originally brought and, consequently, the court did not find French in contempt beyond a reasonable doubt. Also, the court, although exercising a judicial function, acted illegally when it entered judgment against French in the contempt case in favor of the city for $3,088.22 plus interest for its abatement of the nuisance.

---

**3.** A city, as defined in Iowa Code § 362.2(4) (1995), has the statutory authority to require a property owner to abate a nuisance in any reasonable manner. Iowa Code § 364.12(3)(a). If the property owner does not abate the nuisance within a reasonable time, after being given notice by the city, the offending owner's inaction gives rise to certain remedial powers on behalf of the city.

The city may abate the nuisance, *id.* § 364.12(3)(h), and recover abatement costs

from the offending property owner in one of two ways: (1) assess the costs against the property for collection in the same manner as a property tax, *id.*; or (2) bring a civil action for damages against the offending property owner, *see id.* § 364.12(4). Instead of pursuing one of these two options, the city filed a contempt action under Iowa Code chapter 665 against French in which the city ultimately sought reimbursement for abatement costs, not punishment for alleged noncompliance with the June 1989 court order.

The case is remanded with directions to the district court to set aside the judgment against French in the underlying contempt case.

Costs are taxed to the city of Wyoming, the underlying defendant in this certiorari action.

Based on our view of the case, we need not address other arguments raised by the parties on appeal.

**WRIT SUSTAINED; CASE REMANDED.**