**STATE PUBLIC DEFENDER,**
**Plaintiff,**

v.

**IOWA DISTRICT COURT FOR WAPELLO COUNTY,**
**Defendant.**

**No. 00–1380.**

Supreme Court of Iowa.

May 8, 2002.

Thomas G. Becker, State Public Defender and Mark C. Smith, First Assistant State Public Defender, for plaintiff.

No appearance for defendant.

NEUMAN, Justice.

This case concerns Iowa Code section 915.37 (1999). The statute plainly authorizes the district court to appoint an attorney to represent the interests of child victims in connection with criminal prosecutions for sex abuse, obscenity and child endangerment. What is less plain is who must pay for those legal services, the State or the county. We granted the State Public Defender's application for writ of certiorari to consider its claim that the district court acted illegally when it ordered the State to pay such fees. Because we agree with the district court's interpretation of the pertinent statutes, we annul the writ.

The pertinent facts are undisputed. Attorney Kenneth Duker was appointed by the juvenile court to serve as guardian ad litem for three minor children involved in child in need of assistance proceedings. Related criminal charges of child endangerment were filed against the children's parent. The district court then appointed Duker to serve as the children's guardian ad litem in the criminal proceedings.

The court's authority to appoint Duker to represent the children's interests in the criminal proceedings stems from Iowa Code section 915.37. The statute states:

A prosecuting witness who is a child, as defined in section 702.5, in a case involving a violation of chapter 709 [sex abuse], or section 726.2, 726.3, 726.6 [child endangerment], or 728.12 [obscenity], is entitled to have the witness's interests represented by a guardian ad litem at all stages of the proceedings arising from such violation. The guardian ad litem shall be a practicing attorney and shall be designated by the court after due consideration is given to the desires and needs of the child and the compatibility of the child and the child's interests with the prospective guardian ad litem. If a guardian ad litem has previously been appointed for the child in a proceeding under chapter 232 or a proceeding in which the juvenile court has waived jurisdiction under section 232.45, the court shall appoint the same guardian ad litem under this section. The guardian ad litem shall receive notice of and may attend all depositions, hearings, and trial proceedings to support the child and advocate for the protection of the child but shall not be allowed to separately introduce evidence or to directly examine or cross-examine witnesses. However, the guardian ad litem shall file reports to the court as required by the court. If a prosecuting witness is fourteen, fifteen, sixteen, or seventeen years of age, and would be entitled to the appointment of a guardian ad litem if the prosecuting witness were a child, the court may appoint a guardian ad litem if the requirements for guardians ad litem in this section are met, and the guardian ad litem agrees to participate without compensation.

Iowa Code § 915.37.

At the conclusion of the criminal trial, Duker sought payment for the services he

rendered on behalf of the young victims. The court entered an order directing the State Public Defender to pay Duker the "fair and reasonable" sum of $645. The public defender refused to pay the claim. The matter was then set for hearing on Duker's petition for judicial review.

The district court found that all of the statutory requirements for appointment of counsel under section 915.37 had been met. It further found, by inverse implication, that since the statute authorizes appointment of counsel for children fourteen years and older when "the guardian ad litem agrees to participate without compensation," the legislature must have intended appointed counsel for younger children to be paid. That payment, the court reasoned, is imposed upon the State under section 815.10, which authorizes "legal assistance at public expense" for indigent persons involved in criminal or juvenile proceedings. This petition by the State Public Defender followed.

## I. Scope of Review.

▇▇▇ "Relief through certiorari is strictly limited to questions of jurisdiction or illegality of the challenged acts." *French v. Iowa Dist. Ct. for Jones County*, 546 N.W.2d 911, 913 (Iowa 1996). So our review is for the correction of errors at law. *Id.* The district court's well-supported factual findings are binding upon us; its legal conclusions are not. *Fisher v. Chickasaw County*, 553 N.W.2d 331, 333 (Iowa 1996).

## II. Analysis.

▇▇▇ This is the court's first occasion to consider the import of Iowa Code section 915.37. It is a relatively new statute but we think the district court was wise to observe that its provisions should not be considered in a vacuum. Section 915.37 is one of many statutes authorizing the appointment and payment of counsel consistent with constitutional and statutory mandates.[1] The public defender argued in the district court, and urges in this certiorari proceeding, that appointment of counsel under section 915.37 is not among the "instances in which funds appropriated to the State Public Defender may be applied to the payment of claims." Its claim rests principally on the assertion that Duker's legal services did not involve the *defense* of the children; they were *prosecution* witnesses. And while the public defender concedes that a guardian ad litem is entitled to compensation from the indigent defense fund when appointed for a child in juvenile court, *see* Iowa Code § 815.7, this representation involved *criminal court.*

The district court rejected the public defender's arguments, observing that section 815.10 authorizes appointment of counsel—not just for defendants—but for any "indigent *person* . . . entitled to legal assistance at public expense." (Emphasis added.) To this the public defender responds that appointment under section 915.37 "falls far short of 'legal assistance.' It provides for the appointment of a guardian ad litem, not counsel for these *mere witnesses.*" (Emphasis added.)

Although the statutes at issue furnish no clear answer, we believe the trial court's rationale is more consistent with the legislative intent revealed by section 915.37. We are convinced, by the same process of inverse implication used by the district court, that the statute contemplates payment for services rendered on behalf of

---

1. *See, e.g.,* Iowa Code §§ 229.8 (involuntary hospitalization of the mentally ill); 232.141 (juvenile proceedings); 229A.6 (sexually violent predators); 598.12 (dissolution of marriage proceedings); 815.10 (defense of indigent person charged with criminal defense or serving as counsel or guardian ad litem to person in juvenile court).

children younger than fourteen. Indeed the legislative history of section 915.37 reveals it was amended in 1992 precisely to add this provision. *See* 1992 Iowa Acts ch. 1231, § 66. We suspect the amendment was made to clarify the legislature's position in light of then-current decisions of this court rejecting payment of guardian ad litem fees in civil cases where neither statutory nor constitutional authority existed to do so. *See Grant v. Iowa Dist. Ct. for Hancock County*, 492 N.W.2d 683, 686 (Iowa 1992); *Garcia v. Wibholm*, 461 N.W.2d 166, 171 (Iowa 1990).

The more difficult question is determining whom the legislature intended to foot the bill for these services. The statute is silent on the matter. But by its terms, the statute contemplates the appointment of counsel in the criminal proceeding as an extension of counsel's role in juvenile court. Contrary to the public defender's assertion, the lawyer's role under the statute is to "support the child and advocate for the [child's] protection" rather than aid the prosecution. *See* Iowa Code § 915.37 (guardian ad litem authorized to support and advocate for child but "shall not be allowed to directly examine or cross-examine witnesses"). Thus we do not share the public defender's view that the statute is an anomaly in the world of indigent defense.

 We are convinced that the language of section 815.10(1), which authorizes the appointment and payment of counsel for "an indigent person at any stage of the criminal . . . or juvenile proceedings," is broad enough to encompass payment of counsel for children, like those represented by Duker here, whose interests extend from the juvenile court to the criminal court. 1999 Iowa Acts ch. 135, § 28 (codified at Iowa Code § 815.10(1) (2001)). Their interests as victims deserve protection in either forum and the legislature, in crafting section 915.37, recognized the importance of maintaining consistency in that representation.

We reject the public defender's claim that this case should be treated like a mental health proceeding, where the costs of counsel are born by the county. *See* Iowa Code § 229.8. The case before us involves children embroiled in juvenile proceedings and a companion criminal trial, both of which rightly fall within the realm of legal services payable from state, not county, funds. The district court committed no legal error in interpreting section 915.37 to authorize payment for their counsel in accordance with Iowa Code sections 815.10 and .7.

**WRIT ANNULLED.**