# IN THE SUPREME COURT OF IOWA

No. 07–0714

Filed November 7, 2008

**DANIEL E. GARREN,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY,**

Defendant.

_____

Certiorari to the Iowa District Court for Polk County, Don C. Nickerson, Judge.

Plaintiff challenges the district court's denial of his request for a final hearing at his annual review. **WRIT SUSTAINED, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Steven L. Addington and Michael H. Adams, Assistant Public Defenders, for plaintiff.

Thomas J. Miller, Attorney General and Linda J. Hines and Becky Goettsch, Assistant Attorneys General, for defendant.

**PER CURIAM.**

By petition for writ of certiorari, Daniel Garren, a civilly committed sexual predator, challenges a district court judgment denying his request for a final hearing to determine whether he is eligible for the transitional release program. He claims the district court exceeded its jurisdiction and acted illegally when it weighed conflicting expert opinions at his annual review to determine he was not entitled to a final hearing. We conclude the controlling statute does not require the committed person prove at the annual review a likelihood of winning at his final hearing. The statute governing annual reviews requires the committed person show there is admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. We therefore sustain the writ.

### I. Background Facts and Prior Proceedings.

Garren was civilly committed as a sexually violent predator under the Commitment of Sexually Violent Predators Act, Iowa Code chapter 229A in October 1999. In the '70s, '80s, and '90s, he was convicted of various sexual offenses involving minor girls. Prior to commitment, Garren was diagnosed with pedophilia and antisocial personality disorder, both which predispose him to commit future sexually violent offenses. Since his 1999 commitment, Garren has had seven annual reviews, and in each one, the court has denied Garren's request for a final hearing. At his October 2006 annual review, the State submitted evidence from two licensed psychologists who worked with Garren stating, although Garren was making progress, he was not ready for transitional release and remained more likely than not to commit sexually violent offenses if not confined in a secure facility. Garren

submitted a report by Dr. Richard Wollert concluding Garren was ready for transitional release and that his age (sixty-three) altered his mental abnormality such that he is no longer a high risk for reoffending. The district court weighed the evidence presented by both parties and determined Garren had not shown by a preponderance of the evidence he was entitled to a final hearing to determine whether he was eligible for a transitional release program. Garren filed an application for writ of certiorari with this court, claiming the district court exceeded its jurisdiction when it weighed evidence to determine he was not entitled to a final hearing.

## II. Scope of Review.

In a certiorari case, we review the district court's action for correction of errors at law. *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007). We may examine "only the jurisdiction of the district court and the legality of its actions." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). An "illegality exists when the court's factual findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* We accept as true the district court's factual findings, if well supported. *State Pub. Defender v. Iowa Dist. Ct.*, 644 N.W.2d 354, 356 (Iowa 2002).

## III. Merits.

In *Johnson v. Iowa District Court*, ___ N.W.2d ___ (Iowa 2008), we interpreted Iowa Code section 229A.8 to require the committed person show there is admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. *Johnson*, ___ N.W.2d at ___. If the committed person meets this standard at the annual review, he is entitled to a final hearing. *Id.*

Iowa Code chapter 229A allows for the commitment of sexually violent predators in order "to protect the public, to respect the needs of the victims of sexually violent offenses, and to encourage full, meaningful participation of sexually violent predators in treatment programs." Iowa Code § 229A.1 (2007). Under section 229A.8, the committed person is entitled to an annual review in which he may request a final hearing to determine whether he is eligible for release or transitional release. At an annual review, the *committed person* bears the burden of proof to show by a "preponderance of the evidence" there is "competent evidence which would lead a reasonable person to believe a final hearing should be held." *Id.* § 229A.8(5). If the committed person meets this burden, he is entitled to a final hearing. At the final hearing, the *state* bears the burden of proof to show "beyond a reasonable doubt" the committed person's mental abnormality has not changed.[1] *Id.* § 229A.8(6). The committed person has no burden to prove anything at the final hearing. *Id.* If, at the final hearing, the fact finder determines there is a reasonable doubt as to whether the committed person still suffers from a mental abnormality, the commitment ends. *Id.*

In determining whether the committed person is entitled to a final hearing, the district court should apply the following standard: if the committed person presents competent[2] evidence that could lead a fact

---

[1]The final hearing on whether the committed person is eligible for transitional release is different. Iowa Code § 229A.8A. The prerequisites for the transitional release program include, among other things, that the committed person's "mental abnormality is no longer such that the person is a high risk to reoffend." *Id.* § 229A.8A(2)(*a*).

[2]Competent evidence means admissible evidence, not credible evidence. *See Black's Law Dictionary* 596 (8th ed. 2004); *see also State v. Decker*, 744 N.W.2d 346, 356 (Iowa 2008).

finder to find reasonable doubt on the issue of whether his mental abnormality has changed such that he is unlikely to engage in sexually violent offenses, then the committed person should be granted a final hearing. *Johnson,* ___ N.W.2d at ___. Garren has met this standard by submitting the report of Dr. Wollert.

Further, the district court applied the incorrect standard in determining Garren was not entitled to a final hearing:

> [T]he Court concludes that [Garren] has failed to show by a preponderance of evidence *that his mental abnormality has so changed* that he is either appropriate for transfer to a transitional release program or that he is not likely to engage in sexually predatory violent offenses if discharged.

(Emphasis added.) The statute does not require that the committed person demonstrate that his mental abnormality has changed, only that the committed person present "competent evidence which would lead a reasonable person to believe a final hearing should be held." Iowa Code § 229A.8(5)(e). We sustain the writ of certiorari and remand the case to determine whether Garren is entitled to a final hearing under the standard set forth in *Johnson. See Johnson,* ___ N.W.2d at ___.

**IV. Conclusion.**

We interpret the statute governing annual reviews to require the committed person show there is admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. The writ of certiorari to this court is sustained. The district court acted illegally when it denied Garren's request for a final hearing.

**WRIT SUSTAINED, AND CASE REMANDED.**

This opinion shall not be published.