# IN THE SUPREME COURT OF IOWA

No. 101 / 06–1856

Filed October 10, 2008

**HAROLD JOHNSON,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR STORY COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Story County, Carl D. Baker, Judge.

Plaintiff challenges the district court's denial of his request for a final hearing at his annual review. **WRIT SUSTAINED, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Steven L. Addington and Michael H. Adams, Assistant Public Defender, for plaintiff.

Thomas J. Miller, Attorney General and Linda J. Hines and Becky Goettsch, Assistant Attorneys General, for defendant.

**STREIT, Justice.**

By petition for writ of certiorari, Harold Johnson, a civilly committed sexual predator, challenges a district court judgment denying his request for a final hearing to determine whether he is eligible for release. He claims the district court exceeded its jurisdiction and acted illegally when it weighed conflicting expert opinions at his annual review to determine he was not entitled to a final hearing. We conclude the controlling statute does not require the committed person prove at the annual review a likelihood of winning at his final hearing. The statute governing annual reviews requires the committed person show there is admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. We therefore sustain the writ.

### I. Background Facts and Prior Proceedings.

Johnson was civilly committed as a sexually violent predator under the Commitment of Sexually Violent Predators Act, Iowa Code chapter 229A in July 2001. According to the stipulated facts, Johnson was convicted of lascivious acts with a child in 1994 and assault with intent to commit sexual abuse in 1985. Prior to commitment, Johnson was diagnosed with an antisocial personality disorder that predisposes him to commit future sexually violent offenses. Since his 2001 commitment, Johnson has had five annual reviews, and in each one, the court has denied Johnson's request for a final hearing. At his October 2006 annual review, the State submitted evidence that, although Johnson was making progress, he was not ready for release and remained more likely than not to commit sexually violent offenses if not confined in a secure facility. Further, the State submitted Johnson's current progress

assessment, which included a transcript from a clinical interview in which Johnson admitted he was not ready to be released. Johnson submitted a report by Dr. Richard Wollert that concluded Johnson no longer suffers from a mental abnormality, or at the very least, he is not likely to commit sexually violent offenses if released. Wollert's conclusion was based primarily on actuarial data indicating the risk of recidivism declines with age, and Johnson's risk of reoffending, given his age of sixty, was ten percent. The district court weighed the evidence presented by both parties and determined Johnson had not shown by a preponderance of the evidence he was entitled to a final hearing. Johnson filed an application for writ of certiorari with this court, claiming the district court exceeded its jurisdiction when it weighed evidence to determine he was not entitled to a final hearing.

## II. Scope of Review.

In a certiorari case, we review the district court's action for corrections of errors at law. *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007). We may examine "only the jurisdiction of the district court and the legality of its actions." *Christiensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). An "illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* We accept as true the district court's factual findings, if well supported. *State Pub. Defender v. Iowa Dist. Ct.*, 644 N.W.2d 354, 356 (Iowa 2002).

## III. Merits.

Iowa Code chapter 229A allows for the commitment of sexually violent predators in order "to protect the public, to respect the needs of the victims of sexually violent offenses, and to encourage full, meaningful

participation of sexually violent predators in treatment programs." Iowa Code § 229A.1 (2007). The United States Supreme Court has upheld civil commitments as constitutional so long as the commitment statute does not violate the Due Process Clause. To civilly commit an individual,

> the State is required by the Due Process Clause to prove by clear and convincing evidence the two statutory preconditions to commitment: that the person sought to be committed is mentally ill and that he requires [commitment] for his own welfare and protection of others.

*Foucha v. Louisiana*, 504 U.S. 71, 75–76, 112 S. Ct. 1780, 1783, 118 L. Ed. 2d 437, 445 (1992). Once the individual no longer suffers from the mental abnormality or is no longer dangerous, the civil commitment must end. *Id.* at 77, 112 S. Ct. at 1784, 118 L. Ed. 2d at 446.

This case concerns the procedures afforded to the committed person after commitment. Although the statute was enacted for the long-term treatment of sexually violent predators, section 229A.8 sets forth procedural due process safeguards permitting the committed person to challenge his commitment each year. Under section 229A.8, the committed person is entitled to an annual review in which he may request a final hearing to determine whether he is eligible for release or transitional release. This statute provides in part:

> 1. Upon civil commitment . . . , a rebuttable presumption exists that the commitment should continue. The presumption may be rebutted when facts exist to warrant a hearing to determine whether a committed person no longer suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses if discharged, or the committed person is suitable for placement in a transitional release program.
>
> . . . .
>
> 5. The following provisions apply to an annual review:
>
> . . . .

*e. The burden is on the committed person to show by a preponderance of the evidence that there is competent evidence which would lead a reasonable person to believe a final hearing should be held* to determine either of the following:

(1) The mental abnormality of the committed person has so changed that the person is not likely to engage in predatory acts constituting sexually violent offenses if discharged.

(2) The committed person is suitable for placement in a transitional release program pursuant to section 229A.8A.

If the committed person shows by a preponderance of the evidence that a final hearing should be held on either determination under subparagraph (1) or (2), or both, the court shall set a final hearing within sixty days of the determination that a final hearing be held.

Iowa Code § 229A.8(1), (5)(*e*) (emphasis added). The statute places the burden of proof on the committed person to show by a "preponderance of the evidence" there is "competent evidence which would lead a reasonable person to believe a final hearing should be held." *Id.*

The previous version of this statute provided a final hearing should be granted

if the court at the hearing determines that *probable cause* exists to believe that the person's mental abnormality has so changed that the person is safe to be at large and will not engage in predatory acts or sexually violent offenses if discharged.

Iowa Code § 229A.8(4) (2001) (emphasis added). In a 2002 amendment, the legislature added the "rebuttable presumption . . . that the commitment should continue" and provided that at the annual review, "the burden is on the committed person to show by a preponderance of the evidence that there is competent evidence which would lead a reasonable person to believe a final hearing should be held." Iowa Code § 229A.8(1), (5)(*e*) (2007). Today, we interpret the current version of

section 229A.8(5)(*e*) to determine exactly what the committed person needs to demonstrate in order to be granted a final hearing.

Less than half of states allow for the civil commitment of sexually violent predators,[1] and most of those states use a probable cause standard at the annual review hearing. *See, e.g.,* Wash. Rev. Code § 71.09.090(2)(c) (2008). Cases from those states interpreting their civil commitment statutes make it clear the probable cause standard does not permit the court to weigh evidence, and the burden on the committed person is quite low to be granted a final hearing on the issue of release.[2] *See, e.g., In the Matter of the Detention of Elmore*, 168 P.3d 1285, 1288 (Wash. 2007); *In re Commitment of Allen*, 927 So. 2d 1070 (Fla. Dist. Ct. App. 2006). In contrast, Iowa and Missouri require a higher evidentiary burden—preponderance of the evidence—to be granted a final hearing at an annual review. The Missouri statute requires the committed person to demonstrate by a preponderance of the evidence he no longer suffers

---

[1]States that allow for civil commitment of sexually violent predators include Arizona, Ariz. Rev. Stat. Ann. § 36–3701 (2008); California, Cal. W&I Code § 6600 (2008); Florida, Fla. St. § 394.910 (2008); Illinois, 725 Ill. Comp. Stat. Ann. 207/1 (2008); Kansas, Kan. Stat. Ann. § 59–29a01 (2007); Massachusetts, Mass. Gen. Laws Ann. Ch. 123A, § 1 (2008); Minnesota, Minn. Stat. Ann. § 253B.01 (2008); Missouri, Mo. Rev. Stat. § 632.480 (2008); Nebraska, Neb. Rev. Stat. § 71–1201 (2007); New Jersey, N.J. Stat. Ann. §30:4–27.24 (2008); North Dakota, N.D. Cent. Code. § 25–03.3–01 (2008); South Carolina, S.C. Code Ann. § 44–48–10 (2008); Texas, Tex. Health & Safety Code Ann. § 841.001 (2008); Virginia, Va. Code Ann. § 37.2–900 (2008); Washington, Wash. Rev. Code § 71.09.010 (2008); and Wisconsin, Wis. Stat. Ann. § 980.01 (2008).

[2]In interpreting Washington's Sexually Violent Predator Act, the Washington Supreme Court explained "a court may not weigh the evidence in determining whether probable cause exists; rather, it must merely decide whether the facts, if believed, establish that the person is no longer a [sexually violent predator] or may otherwise be conditionally released." *In the Matter of the Detention of Elmore*, 168 P.3d 1285, 1288 (Wash. 2007); s*ee also In re Commitment of Allen*, 927 So. 2d 1070 (Fla. Dist. Ct. App. 2006) ("[I]f the committed person presents evidence supporting release at a limited probable cause hearing, the trial court considers only that evidence to determine probable cause; it does not weigh the evidence against [it].").

from a mental abnormality. Mo. Rev. Stat. § 632.498(4) (2004). Functioning as a " 'gatekeeper' to ensure that only those who make a legitimate claim can obtain a jury trial," the district court is permitted to weigh evidence from both parties in order to determine whether the committed person has met his burden. *In re Care & Treatment of Coffman*, 225 S.W.3d 439, 444 (Mo. 2007). Although both the Iowa and Missouri statutes use the preponderance-of-the-evidence standard, the Missouri statute is different from the Iowa statute in *what* must be proven by a preponderance of the evidence. The Missouri statute requires the committed person prove he no longer suffers from a mental abnormality, whereas the Iowa statute requires the committed person prove only that *there is competent evidence* that would lead a reasonable person to grant him a final hearing. *Compare* Mo. Rev. Stat. § 632.498(4), *with* Iowa Code § 229A.8(5). Thus, Iowa's statute is unique, and consequently, interpretations of statutes from other states are of only limited value.

In the case before us, the parties disagree on what the committed person needs to demonstrate in order to be granted a final hearing and what role the district court plays in weighing evidence. The State argues that by changing the burden of proof from probable cause to preponderance of the evidence, the Iowa legislature intended to impose a stricter burden of proof upon the committed person and to require the court to weigh competing evidence. Relying on the Missouri statute and case law, the State argues the preponderance of the evidence standard allows the district court to weigh competing evidence in determining whether the committed person is entitled to a final hearing. Under this interpretation, in order to convince a reasonable person he should get a

hearing, the committed person would essentially have to prove by a preponderance of the evidence he no longer suffers from an abnormality that would make him likely to engage in sexually violent offenses. In effect, the State's interpretation requires the committed person show a likelihood of winning at the final hearing in order to be granted a final hearing. Under this interpretation, everyone who is granted a final hearing would essentially be pre-approved for release.

The flaw in this interpretation becomes apparent when one compares an annual review with a final hearing. The burden of proof, who bears that burden, and what needs to be demonstrated by the party bearing the burden of proof are markedly different at the annual review and the final hearing. At an annual review, the *committed person* bears the burden of proof to show by a "preponderance of the evidence" there is "competent evidence which would lead a reasonable person to believe a final hearing should be held." Iowa Code § 229A.8(5). At the final hearing, the *state* bears the burden of proof to show "beyond a reasonable doubt" the committed person's mental abnormality has not changed.[3] *Id.* § 229A.8(6). The committed person has no burden to

---

[3]The provision on final hearings, section 229A.8(6), reads in part:

> *d.* The burden of proof at the final hearing shall be upon the state to prove beyond a reasonable doubt either of the following:

> (1) The committed person's mental abnormality remains such that the person is likely to engage in predatory acts that constitute sexually violent offenses if discharged.

> (2) The committed person is not suitable for placement in a transitional release program. . . .

Iowa Code § 229A.8(6)(*d*). The prerequisites for the transitional release program include, among other things, that the committed person's "mental abnormality is no longer such that the person is a high risk to reoffend." *Id.* § 229A.8A(2)(*a*).

prove anything at the final hearing. *Id.* If, at the final hearing, the fact finder determines there is a reasonable doubt as to whether the committed person still suffers from a mental abnormality, the commitment ends. *Id.*

It would be illogical and contrary to the legislature's allocation of the burden of proof to interpret section 229A.8(5)(*e*) to require the committed person to disprove the state's final-hearing case in order to obtain a final hearing. Moreover, such an interpretation ignores the statutory language, which does not require the committed person to show there is a reasonable doubt as to whether he continues to suffer from a mental abnormality, but only that there is "*competent evidence which would lead a reasonable person to believe a final hearing should be held.*" *Id.* § 229A.8(5) (emphasis added). "We assume the legislature intends different meanings when it uses different terms in different portions of a statute." *Miller v. Marshall County*, 641 N.W.2d 742, 749 (Iowa 2002) (citing 2A Norman J. Singer, *Sutherland Statutory Construction* § 46:06, at 194 (6th ed. 2000)). Focusing then on the language used in section 229A.8(5)(*e*), we believe a reasonable person would give the committed person a hearing when there is competent[4] evidence that would allow a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. This interpretation of the statute does not foreclose the district court from evaluating the evidence presented by the committed person to determine whether the evidence could support a reasonable doubt finding and

---

[4]Competent evidence means admissible evidence, not credible evidence. *See Black's Law Dictionary* 596 (8th ed. 2004); *see also State v. Decker*, 744 N.W.2d 346, 356 (Iowa 2008).

whether a reasonable person would conclude that this evidence, if believed, could lead to release. It does not, however, permit the district court to conduct a mini-hearing on the issue of whether the committed person still suffers from a mental abnormality.

In determining whether the committed person is entitled to a final hearing, the district court should apply the following standard: if the committed person presents admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed such that he is unlikely to engage in sexually violent offenses, then the committed person should be granted a final hearing. Johnson has met this standard by submitting the report of Dr. Wollert.

**IV. Conclusion.**

We interpret the statute governing annual reviews to require the committed person show there is admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed. The writ of certiorari to this court is sustained. The district court exceeded its jurisdiction when it denied Johnson's request for a final hearing.

**WRIT SUSTAINED, AND CASE REMANDED.**