# IN THE SUPREME COURT OF IOWA

No. 07–1336

Filed January 30, 2009

**ROBERT E. SWANSON,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Black Hawk County, Bruce B. Zager, Judge.

Plaintiff challenges the district court's denial of his request for a final hearing at his annual review. **WRIT SUSTAINED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Amy L. Kepes, Assistant State Appellate Defender, for plaintiff.

Thomas J. Miller, Attorney General, and Linda J. Hines and Becky S. Goettsch, Assistant Attorneys General, for defendant.

**PER CURIAM.**

The plaintiff, Robert Swanson, a civilly committed sexual predator, challenges a district court judgment denying his request for a final hearing to determine whether he is eligible for release. In his petition for writ of certiorari, Swanson claims the district court exceeded its jurisdiction and acted illegally when it weighed conflicting expert opinions at his annual review to determine he was not entitled to a final hearing.

Iowa Code chapter 229A was enacted for the long-term treatment of sexually violent predators as well as for the protection of the public. *See* Iowa Code § 229A.1 (2007). Swanson was civilly committed under the statute in 2002. In order to be committed as a sexually violent predator, the State was required to prove beyond a reasonable doubt Swanson "suffers from a mental abnormality which makes [him] likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code §§ 229A.2(11), .7(5). Due process, however, requires that "[o]nce [Swanson] no longer suffers from the mental abnormality or is no longer dangerous, the civil commitment must end." *Johnson v. Iowa Dist. Ct.*, 756 N.W.2d 845, 847 (Iowa 2008) (citing *Foucha v. Louisiana*, 504 U.S. 71, 77, 112 S. Ct. 1780, 1784, 118 L. Ed. 2d 437, 446 (1992)).

Iowa Code section 229A.8 allows for an annual review in which the committed person may ask for a final hearing to determine whether or not he is eligible for release or transitional release. In order to obtain a final hearing, the burden is on the committed person to show by a "preponderance of the evidence" there is "competent evidence which would lead a reasonable person to believe a final hearing should be held" to determine either "[t]he mental abnormality of the committed person

has so changed that the person is not likely to engage in predatory acts constituting sexually violent offenses if discharged" or "[t]he committed person is suitable for placement in a transitional release program pursuant to section 229A.8A." Iowa Code § 229A.8(5)(*e*). In *Johnson,* we interpreted Iowa Code section 229A.8 to require the committed person to "present[] admissible evidence that could lead a fact finder to find reasonable doubt on the issue of whether his mental abnormality has changed such that he is unlikely to engage in sexually violent offenses."[1] *Johnson,* 756 N.W.2d at 851. The statute does not, however, permit the district court to weigh conflicting evidence on the issue of whether the committed person still suffers from a mental abnormality in determining whether the committed person is entitled to a final hearing. *Id.*

At Swanson's annual review, the State presented evidence that Swanson was not ready for release and remained more likely than not to commit sexually violent offenses if not confined in a secure facility. Swanson submitted a report by Dr. Richard Wollert that concluded Swanson's mental abnormality had changed such that he is not likely to commit sexually violent offenses if released. The district court weighed the evidence and concluded Swanson had not met his burden of proof "either that his mental abnormality has so changed that he is not likely to engage in predatory acts constituting sexually-violent offenses if discharged, or that he is ready or suitable for placement in the Transitional Release Program." Based upon our opinion in *Johnson,* we conclude Swanson met his burden of presenting admissible evidence that, if believed, could lead a fact finder to find reasonable doubt on the issue of Swanson's mental abnormality. Therefore, the district court

---

[1]Competent evidence means admissible evidence, not credible evidence. *Johnson,* 756 N.W.2d at 850 n.4 (citing *Black's Law Dictionary* 596 (8th ed. 2004)).

erred in failing to grant Swanson a final hearing.  The writ of certiorari to this court is sustained, and the case is remanded to the district court for a final hearing.

**WRIT SUSTAINED AND CASE REMANDED.**

This opinion is not to be published.